IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1897.

---

THOMAS WHITAKER, RECEIVER OF MILLVILLE MUTUAL MARINE AND FIRE INSURANCE COMPANY, v. GEORGE MELEY.

Upon the insolvency of a mutual insurance company holding notes ·of its members which are assessable to pay losses on policies and expenses, &c., and after a determination by the Chancellor that its assets (exclusive ·of such notes) are insufficient to satisfy its indebtedness for such losses, &c., an assessment may be made by the Chancellor, by reference to a master in the usual course of chancery practice, upon such notes, and a maker of such notes, having notice of the proceeding to make such an assessment before a master, becomes a party to the suit to the extent that the adjudication of the court fixing the amount of his indebtedness to the company upon such notes is conclusive in an action at law, and can only be reviewed by appeal.

---

On special finding.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Thomas E. French.*

For the defendant, *David J. Pancoast.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The issue in this cause·was tried before Mr. Justice Garrison, without a jury, and he has sent up by the *postea* a special finding of facts in the nature of a special verdict, and the question before us is, whether the plaintiff is entitled to enter judgment thereon.

By the finding the following material facts appear : The Millville Mutual Marine and Fire Insurance Company was incorporated by an act approved March 8th, 1859. *Pamph. L., p.* 144. By section 2 of that act persons insuring in the company became members thereof, but by section 14 special insurances might be taken without the insured becoming members of the company.

Defendant procured certain of his property to be insured by that company, by two policies, No. 1,171 and No. 2,507, which policies recognize him as having thereby become a member of the company. For the first of these ·policies he gave his promissory note to the company for $600, to be paid in such proportions and at such time or times as the directors of the company might, agreeably to their charter, require. By the by-laws of the company, the directors were empowered to assess upon such notes what was required to pay losses on policies and a reasonable amount for expenses and uncollectible claims. For the other policy he gave a similar note for $825.

Afterward defendant insured other property with said company, by policy No. 12,901. This policy differed from the others in that (1) they were expressed to be upon the consideration of his promise to pay what should be assessed on the respective notes above described, while this policy was upon a consideration of $60, acknowledged to have been paid, and (2) this policy did not recognize him as becoming a member of the company. But defendant, at the time this policy

was issued, gave to the company his note for $600, to be paid in the same manner as the other notes previously given.

The company became insolvent, and upon a bill filed September 21st, 1885, the Chancellor on September 28th, 1885, enjoined it from continuing its business and appointed the plaintiff its receiver. The term of insurance under policies Nos. 1,171 and 2,507 had expired when the bill was filed, but the company had not surrendered the premium notes given thereon. The term of insurance under policy No. 12,901 was running and unexpired when the bill was filed.

By various proceedings in the Court of Chancery the outstanding indebtedness of the company was ascertained and determined, and it was adjudged that the assets, exclusive of premium notes, were insufficient to satisfy such indebtedness. It was referred to a master to proceed to determine what assessment should be made upon such notes to make up the deficiency and the costs of the proceeding. The master, after notice to the parties (including defendant), reported among other things the amount which defendant should be assessed upon his three notes, and the report was duly confirmed.

It appears that the losses for which defendant has been assessed on each note are such as were incurred during the life of the respective policies.

The assessments after confirmation were published in the manner required by the by-laws of the company, and the receiver was directed by the Chancellor to proceed to collect the same. This action was brought in pursuance of such direction.

It is contended that the making of assessments upon such promissory notes is a function which can be exercised only by the directors of the company, and cannot be committed by the Court of Chancery to a receiver or to a master.

We have reached the following conclusions:

*First.* We think that the notes of defendant given for policies Nos. 1,171 and 2,507 are assessable for the losses for which they have been assessed. This was determined by the

Court of Errors, in *Doane* v. *Millville Mutual, &c., Co.,* 18 *Stew. Eq.* 274.

*Second.* Upon the same principle those notes were assessable for the expenses of the company incurred during the life of the policies and unpaid.

*Third.* That in case of insolvency of a company of this character the Court of Chancery may take such proceedings to enforce the collection of its assets, and therefore incidentally to determine what its assets are, as the company might take. If insolvency paralyzes the company, it is absurd to suppose that by such paralysis the creditors of the company are debarred of recourse to the obligations of the company.

*Fourth.* Defendant was a party to the proceeding in the Court of Chancery to the extent that its adjudication upon the amount of his indebtedness to the company upon those notes will bind him, and can only be reviewed by appeal.

*Fifth.* In respect to the note given upon taking out policy No. 12,901, this court cannot consider whether the assessment thereon could lawfully be made. The Court of Chancery had jurisdiction to determine defendant's indebtedness to the insolvent company, and if error has been committed in such determination, it must be corrected by an appeal therefrom.

The result is, that plaintiff is entitled to judgment upon the special finding.