GEORGE MELEY, PLAINTIFF IN ERROR, v. THOMAS WHITA-
KER, RECEIVER OF THE MILLVILLE MUTUAL MARINE
AND FIRE INSURANCE COMPANY, DEFENDANT IN
ERROR.

In a premium note given by the person insured to the insuring company,
the former promised to pay to the company a certain sum of money
"in such proportions and at such time or times as the directors of said
company may, agreeably to their charter, require." *Held*, that, on the
appointment of a receiver by the Court of Chancery in proceedings
taken pursuant to the statute against the company as an insolvent cor-
poration, the power given by the note to the directors passed to the
receiver, and the promisor was bound to pay an assessment on the note
levied by the receiver agreeably to the charter of the company.

[*Argued March 9th*, 1898 ; *decided June 20th*, 1898.]

On error to the Supreme Court.   For opinion of the Su-
preme Court, see *ante p.* 1.

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *Samuel H. Richards* and
*Thomas E. French.*

The opinion of the court was delivered by

DIXON, J.   On September 19th, 1870, the Millville Mu-
tual Marine and Fire Insurance Company issued to the
plaintiff in error a policy of insurance, No. 1,171, for which
the latter gave the company a note in the following form :

"$600.00.   For value received in Fire Policy No. 1,171,
dated the            day of                   , 18   ,
issued by the Millville Mutual Marine and Fire Insurance
Company, I promise to pay to the said company the sum of
six hundred dollars, in such proportions and at such time or
times as the directors of said company may, agreeably to their
charter, require.

"Given as an assessment of said policy.

"GEORGE MELEY."

On August 10th, 1872, the company issued to him another policy, for which he gave a similar note in the sum of $825, and on December 10th, 1883, the company issued to him a third policy, for which he gave a like note in the sum of $600.

On September 21st, 1885, the company having become insolvent, a bill was filed in the Court of Chancery, pursuant to the statute, to have it so adjudged and its assets administered. On this bill the company was declared to be insolvent, and the defendant in error was appointed its receiver.

On January 26th, 1886, the receiver presented to the Chancellor a petition asking the aid and direction of the court in the making of an assessment upon the notes above mentioned and all similar obligations held by the company, in order to pay the company's debts, and thereupon the Chancellor referred the matter to a master, to ascertain and report the facts required for such an assessment. Accordingly, the master, after summoning all the makers of such notes to appear before him, ascertained and reported the necessary facts, and on July 16th, 1892, the Chancellor directed the receiver to levy a corresponding assessment. This the receiver did, and fixed March 1st, 1894, as the day for payment, of which he gave due notice.

The plaintiff in error having failed to pay the assessment levied on his notes, the receiver brought suit in the Supreme Court to recover the same, and upon a special verdict found in the Camden Circuit, the Supreme Court rendered judgment for the receiver, which judgment is now before us for review.

In assailing this judgment, counsel for the plaintiff in error has directed his argument wholly against the proposition laid down in the opinion of the Supreme Court, that the plaintiff in error was a party to the proceedings in the Court of Chancery to the extent that its adjudication as to the fact and the amount of his indebtedness to the insolvent company bound him and could be reviewed only by appeal therefrom.

If the maintenance of this proposition were necessary to support the judgment, we would hesitate to affirm it.

The notes in suit were mere legal obligations, the character of which was not changed by the fact that the promisee became insolvent and was summoned into the Court of Chancery for the settlement of its affairs. *Barkalow* v. *Totten*, 8 *Dick. Ch. Rep.* 573. We have not been able to discover any principle or any established practice by which, without any bill or petition filed against him, and without any subpœna to answer served upon him, the maker of such an obligation could be compelled to litigate its validity and effect in a court of equity.

No doubt if the plaintiff in error had appealed to the Chancellor from the proceedings of the receiver or of the master, who might be deemed an assistant to the receiver, as was done in *Doane* v. *Millville Mutual Insurance Co.*, 16 *Stew. Eq.* 522; *S. C.*, 18 *Id.* 274, and as all persons thinking themselves aggrieved by the proceedings of such receivers may, under the statute, appeal, the jurisdiction of the court would have attached to his complaint, and the Chancellor's decision thereon would then have possessed the finality of a judicial decree *inter partes*. But in the absence of such an appeal and on the facts of this case, we find difficulty in attempting to regard the assessment made against the plaintiff in error as a conclusive judgment, notwithstanding the indications of a contrary view in *Hawkins* v. *Glenn*, 131 *U. S.* 319, and cases cited.

But the question does not at this time demand critical examination, for assuming that the proceedings in Chancery have not such force, still we think the judgment of the Supreme Court should be affirmed, on the ground now to be stated.

According to the terms of the contracts the stipulated sums were payable "in such proportions and at such times as the directors of the company might, agreeably to their charter, require." The law in force when these contracts were made provided in effect that a receiver appointed on the insolvency of a corporation should possess all the powers of the corporation and of the directors which would be conducive to the settlement of its affairs. This appears from section 7 of the

Insolvent Corporation act, approved April 15th, 1846 (*Nix. Dig., p.* 404), under which the receiver is clothed with full power and authority to demand, sue for, collect and receive all rights and credits, moneys and effects, choses in action, bills, notes and property of every description belonging to the corporation at the time of its insolvency. As was said by Mr. Justice Magie, speaking for this court in *Vanderbilt v. Central Railroad Co.*, 16. *Stew. Eq.* 669, 681 : " In general, these powers are such as suffice to enable the assets and property of the corporation to be turned into money and distributed among the creditors. These powers are to be exercised by the receiver under the control of the court."

This statutory power of the receiver to sue upon these contracts included, therefore, by reasonable implication, the power of doing whatever the corporation or its directors were required to do as a preliminary to suit. One of the steps necessary to be taken by the directors, in order to render these notes enforceable by suit, was a determination, made agreeably to the charter, of the proportions in which and the times when payment should be required. *Grosse Isle Hotel Co.* v. *I'Anson*, 13 *Vroom* 10 ; *S. C.*, 14 *Id.* 442 ; *Scovill* v. *Thayer*, 105 *U. S.* 143. Consequently, the right to make such a determination passed to the receiver in insolvency. The express contracts of the plaintiff in error to pay in such proportions, &c., as the directors might, agreeably to the charter, require, contained promises, implied by operation of law, to pay in such proportions, &c., as the receiver, on the insolvency of the company, might, agreeably to the charter, require. An assessment made by the receiver binds the promisor as he would have been bound if the directors had made it. *Hawkins* v. *Glenn*, 131 *U. S.* 319, 329. See, also, *Falk* v. *Whitman Cigar Co.*, 10 *Dick. Ch. Rep.* 396.

In order to render the plaintiff in error thus responsible to the receiver instead of the company, it was no more requisite that he should be made a party to the insolvency proceedings than it is that any promisor should be a party to a legal transfer of his obligation from the original promisee to a

third person; and in order to legalize the receiver's assessment, notice to the promisors that it would be made was no more essential than it would have been if the directors had acted, so that the facts on which the receiver's suit rests are the validity of these notes, the levying of an assessment thereon by him agreeably to the charter, and due notice of the payment required.

Although the special verdict in this cause lacks that directness and precision of statement which ought to characterize such a record, yet we are able to gather therefrom the facts deemed essential to support the judgment. Indeed, counsel for the plaintiff in error has not intimated that any such fact is wanting, save in this, that the last policy, he contends, was issued, not upon the mutual plan, but as an "especial insurance" under section 14 of the charter (*Pamph. L.* 1859, *p.* 144), and therefore no premium note, he insists, should have been given therefor. But, certainly, nothing in the charter or in general law forbade the giving of such a note for the insurance actually obtained, and the policy in terms provides for it. We perceive no legal reason for relieving the promisor from the obligation which he voluntarily assumed.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 12.

*For reversal*—None.