DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

### JUNE TERM, 1901.

THOMAS E. FRENCH, RECEIVER, DEFENDANT IN ERROR,
v. AVALINDA HIGGINS, PLAINTIFF IN ERROR.

Submitted July 9, 1901—Decided November 15, 1901.

A right of action to recover assessments upon notes held by the re-
ceiver of the Millville Mutual Marine and Fire Insurance Com-
pany, an insolvent corporation, did not accrue to the corporation
until the day fixed on which payment thereof was required. An
action brought within six years thereafter was not affected by the
statute of limitations.

On error to the Supreme Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Samuel H. Richards* and
*Thomas E. French.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. This action was brought by the pres-
ent receiver of the Millville Mutual Marine and Fire Insur-

(579)

ance Company against Avalinda Higgins, as the devisee of the lands of one Joseph Higgins, given upon policies of insurance issued by said company to him.

The sole defence interposed by the defendant was by a plea of the statute of limitations, to which a replication was filed.

The issue thus joined was tried by the justice of the Supreme Court holding the Camden Circuit, a jury being waived by the parties. The trial was upon facts agreed to and presented by a stipulation of the parties.

The record discloses that the summons in the cause was tested on February 3d, 1900.

Upon the agreed on facts the defendant asked the trial justice to find that the plea was sustained and the action was barred by the statute of limitations. The request was refused, and an exception to the refusal was asked, allowed and sealed.

The sole question for review, therefore, is whether, upon the facts appearing, the action was commenced within six years from the time the cause of action accrued. The time fixed by the statute is to be computed from the period at which the plaintiff acquired a complete cause of action upon which he might maintain a suit. *Larason* v. *Lambert, 7 Halst.* 247. The question presented will be solved by determining when, upon the case before us, a complete cause of action arose on which a suit might have been maintained.

The record and bill of exceptions show that plaintiff is a successor to a former receiver of the Millville Mutual Marine and Fire Insurance Company, appointed in the proceedings which were the subject of the consideration of the Court of Chancery in *Doane* v. *Millville Mutual Insurance Co.,* 16 *Stew. Eq.* 522, and of this court in *Doane* v. *Millville Insurance Co.,* 18 *Id.* 274. His action is brought to recover assessments made upon the notes of Joseph Higgins, given to the said company upon obtaining policies of insurance from it.

The former receiver was adjudged to be entitled to recover from makers of such notes, upon assessments made thereon in the course of the insolvency proceedings. In the Supreme Court the amount of such recoverable assessments was deemed to be fixed by the master's report thereof, made on notice to

the makers of the notes, when confirmed by order of the Chancellor, from which order no appeal had been taken. *Whitaker, Receiver,* v. *Meley,* 32 *Vroom* 1. This court expressed doubts as to the correctness of that view, but upheld the receiver's action, on the ground that recovery on such notes, if the company had not become insolvent, was to be fixed, under the terms of the notes, by a determination of the directors of the proportions in which, and the time when, payments should be required, and that, upon insolvency, the right to make such determination passed to the receiver appointed by the Court of Chancery. *Meley* v. *Whitaker, Id.* 602.

It appeared in that case, as it does in the case before us, that, after the confirmation of the master's report, in the proceedings in Chancery, the receiver had made assessments on each of the notes held by him as assets of the insolvent corporation, and had required payments of such assessments to be made to him on March 1st, 1894, of which he gave the notice required.

Whether the view of the effect of the confirmation of the master's report (which was practically repudiated in this court), was correct or not, is not material in the consideration of the question before us, for such confirmation, in that view, only fixed the amount recoverable upon each note. It did not endow the receiver with the right to maintain an action therefor, because, by the terms of the notes, under the charter and by-laws, such assessments only became payable at a time to be fixed in the future, of which a prescribed notice was to be given.

No greater effect is attributable to the assessment made by the receiver. No action would lie thereon until the time fixed by him. The right of action did not accrue, therefore, until March 1st, 1894, and an action brought February 3d, 1900, was within the period fixed by the statute. There was no error in the finding of the trial justice, and the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.