THOMAS E. FRENCH, RECEIVER, DEFENDANT IN ERROR, v. MILLVILLE MANUFACTURING COMPANY, PLAINT-IFF IN ERROR.

Submitted March 20, 1904—Decided November 14, 1904.

1. In certain premium notes given to·a mutual insurance ·company the insured promised to pay "in such proportions and at such times as the directors of said company may agreeably to their charter require." The company having become insolvent, the receiver appointed by the Court of Chancery made an assessment in lieu of the directors. In an action at law by the receiver to recover said assessment upon said notes—*Held*, that the receiver. was entitled to recover upon proving the notes, the assessment and the giving of the notice required by the charter.
2. The case of *Meley* v. *Whitaker*, 32 *Vroom* 602, followed and applied.
3. The former secretary of a mutual insurance company, when examined as a witness as to transactions with the company of which at the time of their occurrence he had knowledge, was permitted to refresh his recollection by consulting the policy register, applications, transfer and cash books of the company kept at his office during the time he was secretary. *Held*, that this was a proper exercise of a discretion that resided in the trial court.

On error to the Supreme Court.

For the plaintiff in error, *Walter H. Bacon, David J. Pancoast* and *Joseph H. Gaskill*.

For the defendant in error, *William A. Logue* and *Samuel H. Richards*.

The opinion of the court was delivered by

GARRISON, J.   A judgment was recovered against the Millville Manufacturing Company for the assessment made by the receiver of the Millville Mutual Marine and Fire Insurance Company, an insolvent corporation, upon four premium notes similar to those that were before this court in the case of *Meley* v. *Whitaker*, 32 *Vroom* 602, in which the validity of the said assessment was established.   A description of these premium notes and of the making of this assessment is given in the opinion of Mr. Justice Dixon, stating the ground of decision in the case above cited.

The second count of the plaintiff's declaration is founded upon that decision of this court.   By force of that authority the plaintiff is *prima facie* entitled to a recovery at law upon proving the notes, the assessment and the giving of the notice required by the charter.

At the trial of the present case the assessment was proved, as also was the giving of a notice that met the requirement of the charter.   The proof of the notes, or rather of three of them, is challenged by an assignment of error.   One of the notes was in the possession of the plaintiff and was produced, its execution proved and its admission not challenged. The other three notes were shown to have been delivered to the defendant under conditions that did not militate against the present action.   *Doane* v. *Millville Insurance Co.*, 18 *Stew. Eq.* 274, 277.

These notes having been duly called for by the plaintiff and not produced by the defendant, secondary evidence of their execution and purport was offered by calling the secretary of the insolvent corporation, who, after refreshing his memory by consulting the policy register, applications, cash book and transfer book of the company, testified to facts that made a *prima facie* case of liability on the part of the defendant, under the decision of this court above cited.   Upon this feature of the trial the contention of the defendant below is that it was reversible error to permit such use of these books and files of the company, citing to that end a line of

cases touching the admissibility of corporation books of account as evidence against stockholders. These decisions, so far as my examination has gone, are to the general effect that the books kept by a corporation are not evidence against a stockholder of the matters entered in them by the officers or agents of the corporation. That proposition is not now in point, not only because much of the reasoning is inapplicable to a mutual concern, but also, and chiefly, because in the case in hand the books were not admitted as evidence to prove the truth of their own contents, but were merely permitted to be used to refresh the memory of a witness as to matters he had once known, which enabled him to testify as a witness in the cause. This was the exercise of a discretion that resided in the trial court, which in the present case was soundly exercised and was in no legal sense injurious to the defendant. It left the witness open to cross-examination, by which the value of his recollection could be tested by counsel and the force to be given to his testimony determined by the jury. It may be that in the face of opposing testimony or of substantial contradiction such testimony would suffer by reason of the manner in which it was given, but as *prima facie* evidence of the making of the notes by the defendant, its admission was a valid exercise of judicial discretion. To the *prima facie* case thus made, the defendant opposed no testimony whatever.

Such assignments of error as attack the propriety of the amounts assessed by the receiver are likewise without substance. The production of the entire proceedings upon which the assessment was based was a sufficient compliance by the plaintiff with his primary duty under the pleadings. The propriety of the assessment appeared *prima facie,* and no testimony tending to support this present contention of the defendant was offered.

Finding no error in any of the matters assigned with respect to the direction of a verdict for the plaintiff upon the second count of the declaration, the judgment brought up by this writ of error must be affirmed.

The bill of exceptions also contains a direction of a verdict for the plaintiff upon the first count of the *narr.*, which is based upon the decision of the Supreme Court in *Whitaker* v. *Meley*, 32 *Vroom* 1, pronounced in the opinion of Mr. Justice Magie. The difference between the two counts is that the first count ascribes to the chancery adjudication made in *Doane* v. *Millville Insurance Co.*, 18 *Stew. Eq.* 274, a conclusive effect as to the fact of the defendant's indebtedness, as well as to the amount of such indebtedness, which was the ground of decision in the Supreme Court case last cited; whereas the second count gives to the assessment made by the receiver in the course of the chancery proceeding the force of an assessment made by the directors under the charter, and relegates to the law courts all of the questions upon which the fact of indebtedness depends, which was the decision of this court in 32 *Vroom* 602. In making this latter decision, this court had before it the question now raised by this first count, and said, respecting it, in the language of Mr. Justice Dixon: "The question does not, at this time, demand critical examination." The same situation now exists and the same remark is equally applicable. No opinion, therefore, is expressed or implied upon this point.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.