JAMES B. SWING, TRUSTEE, v. CONSOLIDATED FRUIT JAR COMPANY.

Submitted February Term, 1906—Decided June 11, 1906.

1. A declaration, which avers that an insolvent corporation of another state was duly incorporated, is not demurrable because it fails to aver specifically compliance with the statutory provisions of that state.
2. In a declaration which avers that the court of the domicile of a foreign mutual insurance company authorized the receiver to sue for assessments and fixed the percentage of assessment, the actual amount being fixed by the receiver, it is not necessary to aver that the amount of the assessment was determined by the directors of the company. *Meley* v. *Whitaker*, 32 *Vroom* 602, followed.
3. In a suit by the receiver of a foreign mutual insurance company to recover assessments needed to pay losses, the proceedings of the courts of the domicile of the corporation are binding upon members of the company so far as they concern the administration of its affairs.

On demurrer to declaration.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *Robert Adrain.*

For the defendant, *Theodore B Booraem.*

The opinion of the court was delivered by

SWAYZE, J.    This is a suit by the receiver of a mutual insurance company, incorporated in Ohio, to recover assessments against a policyholder, made under authority of the Supreme Court of that state in insolvency proceedings at the suit of the attorney-general.   The declaration avers that the insolvent company was duly incorporated under the laws of Ohio; that those laws provided that every person who effected insurance became a member of the company and bound to pay for losses and necessary expenses in proportion to the original amount of his deposit note or contingent

liability; that the directors should settle and determine the sum to be paid by the members, and publish the same in such manner as they might choose or as the by-laws prescribed; that the sum should be paid within thirty days after publication of the notice; that upon failure of the members to pay the directors might sue for and recover the whole amount of contingent liability. The declaration then avers that the defendant procured insurance and received and accepted from the insolvent company certain policies of insurance, which are specifically set forth, and thereby became legally bound to pay its due proportion of losses and expenses, and such assessments as should thereafter be made for the said losses and expenses; then follows. an averment of the insolvency proceedings in Ohio and the appointment of the plaintiff as trustee for the creditors and stockholders, and a further averment that the Ohio court decreed that the defendant was liable for its just proportion of the losses and expenses, and that its contingent liability was five times the annual premiums as specified; that the plaintiff was given full power and authority to sue for and collect the assessments when thirty days should have elapsed after due notice, and to sue for all moneys due the insurance company, and to adjust and pay all debts and liabilities of the company; then follows a statement of the percentages assessed on the various policies, and an averment of the amount of the defendant's just proportion, and of due notice of the assessment to the defendant.

Some of the causes of demurrer rely upon the failure of the declaration to show a compliance by the insurance company with certain provisions of the Ohio statutes necessary to constitute a mutual insurance company, but since the demurrer admits the allegation that it was duly incorporated, it is no objection that the declaration fails to set out the various steps necessary to constitute such due incorporation. The requirement that the assured should assume its liability in writing was of this character; such a written assumption of liability was for the benefit of the corporation, to afford evidence of its assets; the liability itself arose from a subse-

quent section of the act, which imposed the liability upon
every person who effected insurance. The provision requir-
ing the company to fix by its by-laws the amount of the
contingent liability seems to have been of like character; it
is contained in the section providing for the requirements
for incorporation, and not in the section which establishes
the liability of the person effecting insurance, and although
the assessment might depend upon the amount of this contin-
gent liability the declaration shows that the contingent lia-
bility as fixed by the court did not exceed the amount at
which the board of directors was authorized to fix it, and the
rule adopted by the court was uniform, being five times the
annual premium.

The giving of a deposit note does not seem to have been
made by the Ohio statute a prerequisite to liability on the
part of the assured.

Other causes of demurrer set up the failure of the directors
of the insurance company to determine the amount of the
assessment. This, however, seems unnecessary. Even if the
defendant was not so far a party to the proceedings in the
Supreme Court of Ohio that it is precluded from question-
ing the amount of the assessment (*Hankins* v. *Glenn*, 131
*U. S.* 319; *Cumberland Lumber Co.* v. *Clinton Hill Lumber
Co.*, 12 *Dick. Ch. Rep.* 627), nevertheless it is bound to pay
an assessment made by the receiver. *Meley* v. *Whitaker*, 32
*Vroom* 602. In that case the authority of the receiver to
make the assessment was deduced from his statutory power
to sue; in the present case his power to sue is averred to
have been given by the decree of the Ohio court; but the
different source of the power does not prevent the application
of the reasoning in Meley *v.* Whitaker. Nor does the fact
that the percentage to be assessed upon the several policies
was fixed by the court and not by the receiver differentiate
this case; the actual amount in dollars and cents does not
seem to have been fixed by the court, and the assessment,
however made, is sufficiently shown to have been adopted
by the receiver, who gave notice in accordance therewith.
These considerations dispose, also, of the objection that the

defendant was not a party to the Ohio proceedings. Moreover, those proceedings, so far as they concern the administration of the affairs of the insolvent company, are binding upon members of the company. As the writer of this opinion has elsewhere said: "It would be quite impossible for the courts of many different jurisdictions to determine, each for itself, the amount of money required to be raised upon subscriptions or premium notes in order to satisfy the debts of the corporation; a just distribution of the burden of indebtedness can be secured only by an administration of the corporate affairs by the courts of the state which created the corporation. Under this rule everyone has his day in court. He is not personally bound by the adjudication of the foreign tribunal; it is still open to him to show that he was not a policyholder, that he had paid in full, that he had been released, that he had an offset." The decree of the foreign tribunal is, however, "conclusive as to the fact that an assessment is necessary as to the amount of money required to be raised by the assessment and as to the *pro rata* of each policy." *Stockley, Receiver,* v. *Perry,* 26 *N. J. L. J.* 4, 9.

We think none of the causes of demurrer assigned are sufficient; the demurrant is confined to those causes, and the plaintiff is entitled to judgment.