**LINCOLN et al. v. WATERBURY BUTTON CO., Inc. (INTERNATIONAL SUPPLY CO., Inc., Intervener).**

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

No. 255.

1. **Patents ⊜▷157(1)—Words presumed to be used in their ordinary sense.**
   Words in a patent are presumed to be used in their ordinary sense, though their signification may be affected by the context.

2. **Patents ⊜▷328—995,758, for an anti-friction tip for furniture, held not infringed.**
   The Alleyn patent, No. 995,758, for an anti-friction tip for furniture, *held* not infringed by a device, which lacks the upturned strengthening rim which is made an essential element of the patented device.

3. **Words and phrases—"Rim" and "rimming" defined.**
   "Rim," ordinarily meaning the border or margin of anything, is used technically as a verb in connection with oil drilling to describe the enlargement of the drilled hole; the enlarging being called "rimming."
   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Rim.]

Appeal from the District Court of the United States for the District of Connecticut.

Suit in equity by Frederick W. Lincoln and others against the Waterbury Button Company, Incorporated, in which the International Supply Company, Incorporated, intervenes. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 291 Fed. 594.

Suit is for infringement of Alleyn patent 995,758, of which the validity was upheld in Barry v. Harpoon, etc., Co., 209 Fed. 207, 126 C. C. A. 301. The trade name under which the patented product is and has been widely sold is "Domes of Silence," and the purpose of the invention is to provide "an anti-friction bearing device which can be cheaply manufactured and easily attached to the object to which it is to be applied and will permit the object to easily slide over the surface of a rug, carpet, or floor." The single claim of the patent is quoted and commented upon at length in our previous opinion. In this case the court below found no infringement, and the plaintiff appealed.

Drury W. Cooper and Thomas J. Byrne, both of New York City, for appellants.

Harold G. Manning, of Waterbury, Conn., for appellee Waterbury Button Co.

Ellis Spear, Jr., of Boston, Mass. (Alan M. Johnson, of New York City, of counsel), for appellee International Supply Co.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The sole question at bar is whether defendant's "Kasterslides" infringe the patent fairly represented by plaintiff's Domes of Silence. Both are smooth and polished substitutes for castors, intended (e. g.) to be driven by the force of a hammer into the bottom of the leg of a chair or other piece of furniture, which then (it is said) slides as readily over a rug or carpet as if it had a rolling castor in the same place. When this patent

was before us in the case above cited it was specifically pointed out by Coxe, J., that the patented object was by the claim required to have an "upturned rim continuously connected" to the convex portion of the object "around its perimeter." Further the learned judge pointed out the function of this "upturned rim" in that it tended to prevent blows delivered upon the convex portion of the article from fracturing or destroying that convex surface. Obviously any change in the smooth convexity of the surface presented to the floor will tend to prevent ease in sliding. Therefore the importance of the rim is plain, although it is sufficient for the purposes of this case that the single claim of the patent specifically and expressly requires not only a rim, but an "upturned rim." The question considered here and below is, therefore, whether defendant's Kasterslides have not only a rim, but an upturned rim.

[1-3] Words in a patent are presumed to be used in their ordinary sense, although their signification may, as usual, be affected by the context. "Rim" is not ordinarily a technical word, as any dictionary will prove; it means no more than the "border, edge or margin of anything," and the only instance of its transfer into technical usage known to us is to apply it as a verb to the enlarging of a hole drilled for oil, such enlargement being called the "rimming" of the same. Hanna v. Smith, 173 Mich. 483, 139 N. W. 256.

Defendant's device has, of course, a rim; the word may probably be applied to any perimeter, which is also a solution of continuity; but it has no upturned rim, i. e., something which is not a continuance of the serviceable convexity, nor part of a prong. There is the same difference between the devices of plaintiff and defendant that there is between the rim of a straight-brimmed hat and that of a hat with a turned-up rim or brim.

Nor can the difference be called merely formal, for the function of the upturned rim is absent in defendant's Kasterslides. Plaintiff's rim is called in the patent a "strengthening rim," and the presence of this element of strength so carefully claimed went very far to uphold the patent when it was here before.

The patent in suit is a very narrow one; at best it is entitled to no very generous treatment; within the limits of the claim as written we upheld it, but have no doubt that by the omission of an upturned and strengthening rim defendant has escaped infringement. Decree affirmed, with costs.