**LINCOLN et al. v. MATTATUCK MFG. CO.**

(District Court, D. Connecticut.   May 15, 1926.)

No. 1792.

Patents ☞328—995,758 (Alleyn), for anti-friction tip for furniture, held not infringed.

The Alleyn patent, No. 995,758, for anti-friction tip for the legs of furniture, etc., which is entitled to only a narrow construction, *held* not infringed by a device which lacks one of the essential elements of the single claim.

In Equity.   Suit by Frederick W. Lincoln and others against the Mattatuck Manufacturing Company.   Decree for defendant.

Drury W. Cooper and Thomas J. Byrne, both of New York City, for plaintiffs.

John P. Bartlett, of New York City, for defendant.

THOMAS, District Judge.   This is the usual bill in equity, charging the defendant with infringing the Alleyn patent, No. 995,-758, issued June 20, 1911.

The device is an "anti-friction tip for furniture or the like," and in the trade is known as "domes of silence."   The invention relates "to tips for use on the legs of furniture and the like, and the object thereof is to provide an anti-friction bearing device, which can be cheaply manufactured and easily attached to the object to which it is to be applied, and which will permit the object to easily slide over the surface of a rug, carpet, or floor."

The patent has a single claim providing for, "in an article of manufacture, a tip for supporting wooden chairs and the like, adapted for contact with a support therefor, consisting of (1) a *continuously curved convex portion of smooth sheet metal;* (2) *having an upturned rim continuously connected to said convex portion around its perimeter;* (3) *and prongs of said sheet metal integral with said rim, projecting substantially in the plane thereof at the point of attachment,* and adapted to be driven by the blows of a hammer into the wood of the article to be supported, said convex portion, rim and prongs, having a resisting power to the blows of said hammer sufficient to substantially prevent the flattening or breaking thereof, whereby said tips may be attached without malformation or fracture."

The defense is noninfringement.

This patent was before the District Court for the Southern District of New York, and the patent held invalid, in Barry et al. v. Harpoon Castor Manufacturing Co., 201 F. 686, on the ground of unpatentability over the prior art.   Upon appeal the Circuit Court of Appeals, in 209 F. 207, 126 C. C. A. 301, reversed the lower court and held the patent valid and infringed.   Later on a suit was brought in this district on the same patent, and, following the decision of the Circuit Court of Appeals, the patent was held valid, but not infringed, in Lincoln et al. v. Waterbury Button Co. (D. C.) 291 F. 594, which ruling was sustained on appeal, as will more fully appear in 297 F. 619.

In speaking for the court, respecting the scope of the claim, Judge Hough, on page 620, said: "The patent in suit is a very narrow one; at best it is entitled to no very generous treatment; within the limits of the claim as written we upheld it, but have no doubt that by the omission of an upturned and strengthening rim defendant has escaped infringement."

With a valid patent and a claim of narrow scope, the sole question presented is whether defendant infringes.   Here, as in the Waterbury Button Case, this question can be answered more easily by a comparison of the Alleyn device and the article manufactured by this defendant than by attempting to harmonize the contradictory opinion of the experts, coupled with a careful examination of the exhibits in evidence, and particularly of the Defendant's Exhibit E, showing in detail the various steps in the process of manufacture.

It is to be noted that the claim of the patent in suit has three main elements, and it is apparent that defendant uses a continuously curved convex portion of smooth sheet metal, which is the first element in the claim.   While I think there is present in the defendant's device an upturned rim, it may be doubtful whether that upturned rim is continuously connected to the convex portion around its perimeter, as called for by part of the second element of the claim, because, from a close examination of the device, there seem to be three breaks in the continuity of the rim at the points where the prongs protrude.   But this point is not decided, as the escape from infringement may be stated on grounds which seem to me to be freer from doubt.

The claim of the Alleyn patent, not only calls for an upturned rim *continuously* connected to the convex portion around its perimeter, but also calls for prongs of said sheet metal; that is, the sheet metal which makes up the convex portion of the slide, *integral with the upturned rim,* projecting substantially in the plane of the rim at the point of attachment.   Therefore it appears

that an element equally essential with the upturned rim is prongs *integral* with that rim, and they must project in the plane of the rim at the point of attachment. Taking into account the scope of the claim, and after a careful analysis of the testimony, a close comparison of the two devices, as well as the process of manufacture, I feel bound to hold that the defendant's device lacks this element, and so does not infringe.

It seems obvious that in the Mattatuck device the prongs are not integral with the rim, and that they do not project in the plane of the rim at the point of attachment. It also is clear that the prongs spring from or are attached, not to the edge or rim of the device but from the convex body of the smooth sheet metal, and in a plane inside of the outer rim. This appears clearly to be the fact from a careful examinatioon of Defendant's Exhibit E. which shows the formations of the metal in the five separate operations in the process of manufacture—from a piece of flat sheet metal to the finished article. It likewise appears in Defendant's Exhibit G, where the prong is bent forward toward the center before the metal is hardened, and also in Defendant's Exhibit H, where the three prongs have been broken off, probably after hardening, as well as in Defendant's Exhibit F, where one-third of the circumference of the rim has been ground away.

Nor do I think plaintiffs have, by their expert, overcome the apparent facts as above set forth by a rather ingenious argument, accompanied by the introduction of certain exhibits, where the device has been variously ground in an endeavor to show that the prongs are integral with the upturned rim and project in the plane of the rim at the point of attachment. Furthermore, counsel for plaintiffs conceded that the rim of defendant's device may be removed without removing the prongs, or the prongs may be removed without removing the rim. As I view this case, if that be so, infringement disappears, or, as put by counsel for defendant, "Take away plaintiffs' rim, and away go the prongs."

But, following the steps in the process of manufacture in their order, it appears that the prongs on defendant's device are formed (1) by projections from the body of the blank; (2) by slits cut into the metal of the body blank substantially back of what will, in the next operation, form the edge or rim; and (3) are then bent up and away from the rim, so that their bases are located within the main body of the device. I therefore conclude that the defendant does not have "prongs integral with the rim," or "prongs substantially in the plane of the rim at the point of attachment," and so conclude that the defendant does not infringe.

It is unnecessary to discuss the advantages or disadvantages of one device over the other. It follows that the bill must be dismissed, with costs to the defendant.

Decree accordingly.