## LINCOLN et al. v. MATTATUCK MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

### No. 125.

Patents ⬅328—995,758, for anti-friction tips for furniture, held not infringed.

Alleyn patent, No. 995,758, for anti-friction tips for furniture, designed to replace casters, *held* not infringed.

Appeal from the District Court of the United States for the District of Connecticut.

Patent infringement suit by Frederick W. Lincoln and others against the Mattatuck Manufacturing Company. Decree for defendant (13 F.[2d] 146), and plaintiffs appeal. Affirmed.

Drury W. Cooper and Thomas J. Byrne, both of New York City, for appellants.

John P. Bartlett, of New York City, for appellee.

Before HOUGH, HAND, and MACK, Circuit Judges.

MACK, Circuit Judge. For the third time we are called upon to consider an alleged infringement of Alleyn patent, No. 995,758, for the anti-friction tips for furniture, designed to replace casters and known as "domes of silence." The single claim of the patent reads:

"In an article of manufacture, a tip for supporting wooden chairs and the like, adapted for contact with a support therefor, consisting of a continuously curved convex portion of smooth sheet metal having an

.upturned rim continuously connected to said convex portion around its perimeter, and prongs of said sheet metal integral with said rim, projecting substantially in the plane thereof at the point of attachment, and adapted to be driven by the blows of a hammer into the wood of the article to be supported, said convex portion, rim and prongs having a resisting power to the blows of said hammer sufficient to substantially prevent the flattening or breaking thereof, whereby said tips may be attached without malformation or fracture."

Its validity was sustained in Barry v. Harpoon Caster Co. (C. C. A.) 209 F. 207, reversing (D. C.) 201 F. 686, and infringement was found. In Lincoln v. Waterbury Button Co. (C. C. A.) 297 F. 619, affirming (D. C.) 291 F. 594, validity was not questioned, but noninfringement was found. Judge Hough said: "Defendant's device has, of course, a rim; the word may properly be applied to any perimeter, which is also a solution of continuity; but it has no upturned rim; i. e., something which is not a continuance of the serviceable convexity, nor part of a prong." He had theretofore pointed out that "the patent in suit is a very narrow one; at best it is entitled to no very generous treatment; within the limits of the claim as written we upheld it, but have no doubt that by the omission of an upturned and strengthening rim defendant has escaped infringement."

Defendant's device differs from that of the patent in several particulars. While both are made from a single sheet of metal, the patent prongs are an integral continuation of the rim, whereas defendant's are formed by slitting the sheet back toward the center of the blank and bending the part between the slits away from the edge of the sheet. Again the patent rim with its projecting prongs, one continuous piece of metal, is upturned perpendicularly from the convex portion; that part of defendant's device apparently corresponding to the patent rim is without prongs, has not a continuous surface, and is not perpendicular from, but continues to spread or curve out with, the convex portion. Then defendant's prongs, projecting perpendicularly from the convex portion, are well within the curved rim. Whether defendant's curved rim is continuously connected to the convex portion at the latter's perimeter may be doubted; it depends upon whether or not the slits for the prongs continue up to what becomes the convex portion.

It is apparent that defendant's prongs, while integral with the rim in the sense that both form part of a single sheet of metal not entirely cut apart, are not integral therewith in the sense of the patent. For in the patent that integral relation has a function. Such a rim is a strengthening element; it takes and transmits the force of the blow of the hammer on the convex portion through the rim to its integral prongs. In defendant's device this cannot be accomplished, because of the separation of rim and prongs; in it the transmission is necessarily direct from the convex part to the prongs. That the prongs are swaged by end pieces from the rim which supports them against outward pressure gives only mechanical support from, but not union with, the rim. Moreover, defendant's prongs, set back from and within the curved rim, and projecting perpendicularly from the edge of the convex portion, clearly do not project, and cannot be held substantially to project, in the plane of defendant's curved rim.

And this arrangement and location of the prongs have definite purposes; for the same size device a smaller sheet of metal suffices, and thus cost is reduced when the prongs do not project directly from the rim, but are produced by the slit and the bending in; and prongs located within instead of projecting directly from the rim are more remote from the periphery of the end of the furniture leg to which they are to be attached, and are therefore less liable to split the wood while being driven in.

If what plaintiff calls the outer rim, with its implication of two rims, and what defendant calls the skirt rim, is to be deemed the rim of defendant's device, then for the reasons stated infringement is not established.

If, on the other hand, as plaintiff seems at times to contend, defendant's rim is the edge of the convex portion, then, under the Waterbury Case, infringement is negatived. It follows that the decree must be affirmed.