**DRAKE v. McKINNEY et al.**
**No. 732–D.**

District Court, E. D. Illinois.
Feb. 4, 1935.

Frank J. Thompson, of Sullivan, Ill., for plaintiff.

J. G. Thomas, of Urbana, Ill., and E. J. Hawbaker, of Monticello, Ill., for defendants.

LINDLEY, District Judge.

Plaintiff, as receiver of the First National Bank of Monticello, Ill., has brought this suit in equity seeking to establish a lien upon the estate of Alice Stevenson, deceased, out of which it may have satisfied, by a proper decree and proceeding thereunder, an assessment upon shares of stock in the bank owned by Alice Stevenson in her lifetime. The stockholder died intestate July 26, 1929.

The bill alleges that the estate has not been finally closed and that Alice Stevenson died seized of certain real estate in fee simple. Some of her heirs have died since her death, and this suit is brought against the surviving heirs and the administrators of the deceased heirs to establish a lien as aforesaid. The administrators of the deceased heirs and certain of the heirs have filed their motion herein to dismiss upon the ground that the bill of complaint does not state a cause of action against them.

True it is that personal liability upon the part of these defendants probably does not exist, but it is the intent and purport of the statutes governing liabilities for national bank stocks that in case of the death of the holder of the stock his estate shall be liable to the extent of the assessment. The statute is as follows (section 5152, Rev. St. [section 66, 12 USCA]): "Personal liability of representatives of stockholders. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." The only reasonable construction is that the assets of the deceased stockholders shall be liable wherever found so long as they have not passed to a purchaser for value. The statutory liability exists and continues until discharged; and though some of the estate may have passed to heirs who have since died, so long as the assets can be identified, it is the receivers' duty to proceed against them. It is averred that the property of the deceased stockholder is held by her heirs and the administrators of certain deceased heirs are made parties defendant in order that all persons claiming any interest in said real estate shall be barred and the lien perfected.

Under the reasoning of such cases as Jack v. Forrest (C. C. A.) 71 F.(2d) 264; Miller v. Hamner (C. C. A.) 269 F. 892; Collins v. Caldwell (C. C. A.) 29 F.(2d) 329; Lincoln v. Mattatuck Mfg. Co. (C. C. A.) 16 F.(2d) 999; Rankin v. Barton, 199 U. S. 228, 26 S. Ct. 29, 50 L. Ed. 163; and Drain v. Stough (C. C. A.) 61 F.(2d) 668, 87 A. L. R. 490, the bill states a good cause of action, and the motions to dismiss will, therefore, be denied.