CAPE MAY COUNTY CIRCUIT COURT.

EDMUND O. HOWELL, JR., RECEIVER OF THE FIRST NATIONAL BANK OF OCEAN CITY, NEW JERSEY, AN INSOLVENT NATIONAL BANKING CORPORATION, PLAINTIFF, v. A. RANDOLPH FOGG, DEFENDANT.

Decided July 7, 1939.

For the plaintiff, *Benjamin M. Cohen.*

For the defendant, *August S. Goetz.*

JAYNE, C. C. J.   The controversial issue of law in this action has been submitted by stipulation of counsel to the court for determination.   The basic facts essential to the consideration of the issue are admitted.

An examination of the complaint discloses that this action is prosecuted by the plaintiff as receiver of the First National Bank of Ocean City, New Jersey, an insolvent national banking association, to recover from the defendant, a stockholder, an assessment levied by the comptroller of the currency of the United States on February 1st, 1933, upon the stockholders of the insolvent institution.

In defense, the defendant has averred that more than six years have elapsed since this cause of action accrued and that by reason thereof the prosecution of this action is prohibited.   This is the sole issue.   It is now acknowledged that the comptroller made the assessment upon the shareholders on February 1st, 1933, to be paid by them on or before March 8th, 1933.   The writ in this action is tested January 30th, 1939.   Together with the complaint, it was received

by the sheriff on January 31st, 1939, and the process and complaint were served personally upon the defendant on February 2d, 1939.

The statutes enacted by Congress which create and regulate the individual liability of the stockholders of a national bank for the debts of the bank and which empower the comptroller of the currency to levy an assessment upon the stockholders of an insolvent bank, prescribe no period of limitation for the commencement of an action to enforce such liability. Accordingly, in an action instituted for such purpose in the courts of law of this state our own statutory period of limitation is applicable. *Campbell* v. *Haverhill,* 155 *U. S.* 610; 15 *S. Ct.* 217; 39 *L. Ed.* 280; *McClaine* v. *Rankin,* 197 *U. S.* 154; 25 *S. Ct.* 410; 49 *L. Ed.* 702; 3 *Ann. Cas.* 500; *Curtis* v. *Connly,* 257 *U. S.* 260, 262; 42 *S. Ct.* 100; 66 *L. Ed.* 222; *Pufahl* v. *Estate of Parks,* 299 *U. S.* 217; 57 *S. Ct.* 151; 81 *L. Ed.* 133; *Mann* v. *Kleisdorff* (*C. C. A.*), 16 *Fed. Rep.* (*2d*) 997.

It is stipulated that the bank discontinued business because of its insolvency on November 17th, 1932. Whereupon the comptroller assumed charge of its affairs. It seems to be the contention of the defendant that the present cause of action accrued upon the closing of the bank on November 17th, 1932, and that the action is barred because more than six years thereafter elapsed before this action was instituted. This contention is without merit. Assuredly no such cause of action arises until the assessment is made by the comptroller. *Kennedy* v. *Gibson,* 8 *Wall.* 498, 505; 19 *L. Ed.* 476, 478; *Casey* v. *Galli,* 94 *U. S.* 673, 677; 24 *L. Ed.* 168, 169; *Germania National Bank* v. *Case,* 99 *U. S.* 628, 634, 635; 25 *L. Ed.* 448, 450, 461; *United States* v. *Knox,* 102 *U. S.* 422, 425; 26 *L. Ed.* 216, 217; *Bushnell* v. *Leland,* 164 *U. S.* 684; 41 *L. Ed.* 598; 17 *S. Ct.* 209; *McDonald* v. *Thompson,* 184 *U. S.* 71, 72, 76; 46 *L. Ed.* 437, 440; 22 *S. Ct.* 297; *McClaine* v. *Rankin, supra; Rankin* v. *Barton,* 199 *U. S.* 228, 232; 50 *L. Ed.* 163, 166; 26 *S. Ct.* 29; *Drain* v. *Stough,* 61 *Fed. Rep.* (*2d*) 668; *Anderson* v. *Abbott,* 23 *Fed. Supp.* 265.

Although unnecessary to the decision of the present case, it is not inapposite to the general. subject to state that where the comptroller in the exercise of his power has made an assessment upon the stockholders and has designated a definite future date on which payment of the assessment shall be made, the cause of action to enforce the individual liability of the stockholder does not accrue under the provisions of our statute of limitations until the liability of the shareholder has matured, that is, become due in accordance with the demand or decree of the comptroller.

Observant of the provisions of our statute of limitations, this construction of the statute seems to be rational and feasible and finds support in several authoritative decisions. *Deweese* v. *Smith* (*C. C. A.*), 106 *Fed. Rep.* 438, 441; 66 *L. R. A.* 971; *King* v. *Pomeroy* (*C. C. A.*), 121 *Fed. Rep.* 287; *Rankin* v. *Miller,* 207 *Fed. Rep.* 602; *Hall* v. *Ballard* (*C. C. A.*), 90 *Fed. Rep.* (2d) 939, 944; *Strasburger* v. *Schram,* 93 *Fed. Rep.* (2d) 246.

Upon examining the reported decisions upon this subject, it will become manifest that the divergency of opinion is ascribable to the materially different provisions of the statutes in those jurisdictions. *Donald* v. *Bird,* 85 *Fed. Rep.* (2d) 663; *Johnson* v. *Greene,* 88 *Id.* 683, are typical.

In *Strasburger* v. *Schram, supra,* Judge Groner observed: "We take judicial notice of the fact that for many years it has been the general practice of the comptroller, after determination that an assessment on stockholders in a national bank is necessary and of the amount thereof, to fix a date when payment must be made. The practice is a reasonable one, since it furnishes time and opportunity to the debtor to pay without suit and in some cases opportunity for reorganization and resumption of business; and we have been referred to no law and have found none ourselves to challenge the authority of the comptroller to fix the time of payment and to extend it within reasonable limits from time to time. Nor have we any doubt that when this is done the receiver cannot commence an action against the stockholder until after the date fixed, for the simple reason that until such date the

assessment is not due; or, in other words, does not exist as a complete right which the owner may enforce by going into court." See, incidentally, *French* v. *Higgins,* 66 *N. J. L.* 579, 581; 50 *Atl. Rep.* 344.

The accrual of the cause of action is under our statute the prescribed event from which the period of limitation is to be computed. By the accrual of the cause of action is to be understood the right to institute and maintain a suit. Where the comptroller for whom the receiver is acting has adjudged that the required assessment shall be payable on a designated date, it would seem that a full and complete cause of action to collect the assessment from the stockholder does not accrue until the assessment becomes due and payable.

Judgment for plaintiff.