## RANKIN *v.* BARTON.

### ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 125. Submitted October 17, 1905.—Decided November 13, 1905.

A national bank is an instrumentality of the United States, the administration whereof is vested in the Comptroller of the Currency, who, in case of insolvency, appoints the receiver and directs his acts. The liability for assessment on the stock dates from the order of the Comptroller who decides when it is necessary to institute proceedings therefor, and his determination is conclusive. This power is derived from a statute of the United States and cannot be controlled or limited by state statutes.

Where the state court has held that a suit to collect assessment by the receiver of a national bank under directions of the Comptroller of the Currency is barred by a state statute of limitations, a Federal question is involved and the writ of error will not be dismissed.

THE facts are stated in the opinion.

*Mr. H. Whiteside* for plaintiff in error, cited *Kennedy* v. *Gibson,* 8 Wall. 498; *Casey* v. *Galli,* 94 U. S. 673; *United States* v. *Knox,* 102 U. S. 422; *Germanica National Bank* v. *Case,* 131 U. S. Appendix, 144; *Bushnell* v. *Leland,* 164 U. S. 684; *Aldrich* v. *Yates,* 95 Fed. Rep. 78; *Aldrich* v. *Campbell,* 97 Fed. Rep. 663; *Deweese* v. *Smith,* 97 Fed. Rep. 309; *Studebaker* v. *Perry,* 102 Fed. Rep. 947; *Aldrich* v. *Skinner,* 98 Fed. Rep. 375.

*Mr. George A. Vandeveer* and *Mr. F. L. Martin* for defendant in error:

There is no Federal statute of limitations applicable to this

class of actions and the statute of limitations of the State in which the action is brought controls. *Campbell* v. *Haverhill*, 155 U. S. 610; *Price* v. *Yates*, 2 National Bank Cases (Brown), 204.

A statute of a State is whatever the court of last resort in such State construes it to be. *McElmoyle* v. *Cohen*, 13 Pet. 312; *Bauserman* v. *Blunt*, 147 U. S. 647; *Metcalf* v. *Watertown*, 153 U. S. 671; *Balkman* v. *Woodstock Iron Co.*, 154 U. S. 177.

So that this court looks not only to the statute but to the decision of the highest court of the State in order to ascertain what the statute is.

In Kansas the rule is that the bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim, and that action must be taken within a reasonable time; and that, in no event, will such reasonable time be extended beyond the statutory period of limitation. *A., T. & S. F. R. R. Co.* v. *Burlingame*, 36 Kansas, 628; *Roric* v. *Commissioners*, 46 Kansas, 176; *Bauserman* v. *Charlotte*, 46 Kansas, 480; *Kulp* v. *Kulp*, 51 Kansas, 391.

There is no Federal question involved.

The validity of a statute or treaty of the United States is not drawn in question within the meaning of this section every time rights claimed under a statute or treaty are controvertible, nor is the validity of an authority every time an act done by an authority is disputed. *Kennard* v. *Nebraska*, 186 U. S. 304; *Florida Railroad Co.* v. *Belle*, 176 U. S. 321; *Blackburn* v. *Portland Mining Co.*, 175 U. S. 571; *Telluride Power Co.* v. *Rio Grande Co.*, 175 U. S. 639; *Water Co.* v. *Railway Co.*, 172 U. S. 488; *Borgmeyer* v. *Idlea*, 159 U. S. 408; *Bushnell* v. *Mining Co.*, 148 U. S. 682; *Ferry* v. *King County*, 141 U. S. 668; *Cook County* v. *Calumet Canal Co.*, 138 U. S. 635; *Baltimore Railroad Co.* v. *Hopkins*, 130 U. S. 210.

In the case at bar there is no question raised as to the validity of the statute, under which the Comptroller acts, nor as to

his power to act, but the question is what is the statute of limitations in such cases in the State of Kansas. And this court will not review the decision of the state court construing its own statute of limitations. *Telegraph Co.* v. *Purdy*, 162 U. S. 329; *Walsh* v. *Columbus &c. R. R. Co.*, 176 U. S. 469; *Hamblin* v. *Western Land Co.*, 147 U. S. 531; *New Orleans* v. *Water Works Co.*, 142 U. S. 79; *Harrison* v. *Myer*, 92 U. S. 111.

Where a state law is admitted to be valid and the only question is whether it has been correctly construed, the Supreme Court of the United States has no jurisdiction to review the state court. *Congdon Mining Company* v. *Goodman*, 2 Black, 574; *Scott* v. *Jones*, 5 How. 343; *Commercial Bank* v. *Buckingham*, 5 How. 317.

A decision of the state court resting upon the construction and not upon the validity of a state statute does not present a Federal question. *Railroad Co.* v. *Marsher*, 12 How. 165; *Snell* v. *Chicago*, 152 U. S. 191.

Decisions based on local laws not involving constitutional questions are not reviewable. *Hibben* v. *Smith*, 191 U. S. 310; *Smith* v. *Indiana*, 191 U. S. 138.

MR. JUSTICE MCKENNA delivered the opinion of the court.

The question in this case is the application of the statute of limitations of a State to the liability of a stockholder of a national bank before the amount of such liability has been ascertained and assessed by the Comptroller of the Currency. The trial court held the statute applicable, and its judgment was affirmed by the Supreme Court of the State.

The petition was filed November 13, 1902, and averred that the Hutchinson National Bank became insolvent in 1893, and defendant in error was appointed its receiver. On July 19, 1894, the Comptroller of the Currency ordered an assessment of $75,000 upon the individual liability of the stockholders, being $75 on each share, to pay the debts of the bank. After

application of the amounts collected, and after further account-
ing, it was found necessary to make another assessment, and
on November 20, 1900, the Comptroller of the Currency made
another assessment of $19,000, being $19 upon each share.
It was averred "that said assessment was made just as soon
as discovered in the exercise of diligence to be necessary, and
just as soon as it was ascertained that the first assessment and
assets of the bank were insufficient." The amount due from
defendant in error was $627, for which judgment was prayed.
A demurrer was sustained to the petition on the ground that
it showed on its face that the cause of the action was barred
by the statute of limitations of the State. In sustaining this
ruling the Supreme Court of the State said: (1) That although
the cause of action arose under the act of Congress, which pre-
scribed no limitation on the remedy against stockholders, the
statute of the State applied; and (2) the statute commenced to
run not when the assessment was made against a stockholder,
but was put in motion by delay in making the assessment.
Prior decisions of the Supreme Court of the State were relied
on for this conclusion. They established the local law to be,
it was said, that when an act to be done is wholly within the
control of the party suing, he must perform it within a reason-
able time, and such time cannot extend the period within
which the action would be barred, if no such preliminary step
were necessary. And it was decided that the averment of the
petition, that the second assessment was made as soon as it
was discovered to be necessary, was a mere conclusion of the
pleader, which was countervailed by the facts alleged.

We think the court overlooked the official character and
power of the Comptroller of the Currency, and the decisions of
this court declaring them. A national bank is an instrumen-
tality of the United States, its circulating notes are guaranteed
by the United States, and if the United States should be com-
pelled to pay them the United States has a paramount lien on
the assets of the bank for reimbursement. The administra-
tion of the bank's assets is, therefore, vested in the Comptroller

of the Currency as an officer of the United States. He appoints the receiver and directs his acts. The individual liability of a stockholder can only be enforced by his order. The provision is as much for the benefit of the stockholders as for the United States, and it is indispensable to the bringing of a suit against the stockholder. In other words, the liability dates from the order of the Comptroller. It was said in *Kennedy* v. *Gibson*, 8 Wall. 498, 505: "It is for the Comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion, and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such times as he may deem proper, and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver. The fact must be distinctly averred in all such cases, and if put in issue must be proved." Subsequent cases have reiterated the doctrine. *McDonald* v. *Thompson*, 184 U. S. 71; *Studebaker* v. *Perry*, 184 U. S. 258. As the power of the Comptroller is derived from a statute of the United States, it cannot be controlled or limited by state statutes.

A motion is made by defendant in error to dismiss the writ of error for want of jurisdiction in this court. It is manifest from what we have said that the motion is without foundation.

*Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*