[No. 19802. Department Two. July 21, 1926.]

MAE M. PLUMMER, *as County Treasurer for Jefferson County, Respondent,* v. IRA D. LIGHT, *as Administrator of the Estate of E. A. Light, Deceased, et al., Appellants.*[1]

[1] EXECUTORS AND ADMINISTRATORS (72)—CLAIMS ARISING OUT OF ADMINISTRATION—NECESSITY OF PRESENTATION. It is not necessary to file a claim against an administrator where it arose out of the administration of the estate in the collection of assets.

[2] VENUE (23)—CHANGE OF VENUE—WAIVER. Error cannot be assigned as to the venue of an action commenced in the wrong county, where the appellant voluntarily came into court to present the controversy and made no motion for a change of venue.

[3] BONDS (23)—ACTIONS—DEFENSES. In an action on a bond given under a judgment, a party accepting the benefit of the bond and not appealing from the judgment cannot claim that the bond was given upon a void judgment.

[4] SAME (23). A bond given under an order of court is not released by the obligor's failure to appeal from the judgment where the prosecution of the appeal was tendered to the obligor who could have appealed in his own right, and declined to do so.

[1]Reported in 247 Pac. 1022.

Appeal from a judgment of the superior court for Jefferson county, Ralston, J., entered September 25, 1925, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*J. W. A. Nichols,* for appellants.

*A. Henry Packard,* for respondent.

MACKINTOSH, J.—Ira D. Light, as administrator of his father's estate, in 1922, filed with the respondent in this action, as county treasurer of Jefferson county, a claim for the proceeds of two certain county warrants. The claim being denied, Light began an action in Jefferson county against Plummer, as treasurer, and Clara V. Kubel, his sister, who claimed to be the owner of the warrants, seeking payment for the benefit of his father's estate. Summons and complaint in the action were personally served upon Kubel, who appeared specially, demurring to the jurisdiction of the court; and her demurrer being overruled, she pleaded no further, and judgment was entered in that case in favor of the administrator for the amount of the warrants and directing Plummer, as treasurer, to make payment to Light, as administrator. There was incorporated in that judgment a requirement that the payment should not be made until Light, as administrator, should give bond to Plummer, as treasurer, to protect the treasurer against any future action that might be brought looking to the payment of these warrants, the warrants at the time not being in the possession of the administrator. Light, as administrator, gave the required bond, received payment of the amount of the warrants, placed it in the probate court in Pierce county, where the estate was being administered, and distributed the proceeds under the order of that court. The bond was filed and the payment was

made in June, 1923, and the distribution was made the following month.

In August, 1923, Kubel commenced a mandamus action in Jefferson county against Plummer, as treasurer, seeking payment to her of the amount of. these same warrants. The superior court dismissed the action, but Kubel appealed to this court; and in *State ex rel. Kubel v. Plummer,* 130 Wash. 135, 226 Pac. 273, we held that she was not bound by the judgment in the case begun by Light against the treasurer, and that she was entitled to begin a suit and prosecute her rights against the treasurer herself; but it was held that all parties necessary to the final determination of the controversy were not before the court, and that, the county treasurer knowing that Light had made a claim to the fund, it was necessary to have Light, as administrator, included in the action. Upon the remittitur coming down, this was done, and the action was then tried out between the administrator, Kubel as the possessor of the warrants, and the treasurer, and resulted in a judgment in favor of Kubel, declaring her to be the rightful owner of the warrants and entitled to the payment. This judgment was entered on November 25, 1924. A motion for a new trial was made and denied on January 23, 1925.

Between the time of the entry of the judgment and the entry of the order denying the motion for a new trial, Light took up the question with the county treasurer as to whether she desired to appeal from the judgment, and was notified that she did not so desire; but, on February 16, 1925, Light was offered by the treasurer the defense of the appeal, which he then declined to accept, and no appeal from that judgment was ever taken. The treasurer thereupon paid the amount of the judgment to Kubel and brought this action

against Light, as administrator, and the bonding company on the bond given in the first action.

[1] After trial, the judgment went in favor of the treasurer, and the administrator has appealed, making assignment of several alleged errors, the first of them being that the action cannot be maintained for the reason that no claim has ever been filed against the estate. The answer to this is, that necessity does not exist for filing claims against an estate, where the claim arose out of the administration and as part of the work of the administrator in collecting the assets of the estate.

[2] The next error urged is that the action could not be begun in Jefferson county, for the reason that the estate was being administered in Pierce county. The answer to this position is two-fold. The administrator voluntarily went into Jefferson county to present the entire controversy; and, secondly, no motion for a change of venue was ever made, and this is not such an action that must of necessity be commenced in the county in which administration is taking place.

[3] It is then claimed that no cause of action exists, for the reason that the bond was void, having been given under a void order. The answer to this is that the bond was given under a judgment from which Light did not appeal, that he accepted the benefit of the judgment, and, if the bond could have been avoided by an appeal, it is now too late for him to raise that question.

[4] Appellants next urge that the bond was released by the action of the treasurer, before the motion for new trial had been disposed of in the case brought by Kubel, in refusing to appeal. It will be seen, however, that a tender of the defense on appeal was given to the appellants soon after the motion for new trial was denied, at which time the judgment became effective, and that there then existed sufficient time for Light

to have taken an appeal on behalf of the county, if he had so desired, and, having been given an opportunity to prosecute an appeal on behalf of the county, he has foregone that right; and more than this, Light, as administrator, was a party to that action and could have appealed on his own behalf. Nothing was done to prevent his taking that step, and, not having taken· it, the judgment in that case became final, and the obligation on the bond was not released by anything· that occurred in that proceeding.

Finding nothing in the record to justify a different result, the judgment is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.