## MANN v. KLEISDORFF.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4844.

1. **Courts ⬤375—Liability of stockholder in insolvent national bank or his executor is subject to state limitations, in absence of federal law (Rev. St. §§ 721, 5151, 5152, 5234 [Comp. St. §§ 1538, 9690, 9821]).**

Under Rev. St. § 721 (Comp. St. § 1538), liability of stockholder of failed national bank or his executor for assessments pursuant to sections 5151, 5152, 5234 (Comp. St. §§ 9690, 9821), is subject to state statute of limitations, there being no federal statute thereon.

2. **Executors and administrators ⬤224—Assessment against stockholder of failed national bank held barred by failure to file claim against executor within time prescribed by state law (Rev. St. U. S. §§ 5151, 5152, 5234 [Comp. St. §§ 9690, 9821]; Hemingway's Code Supp. Miss. 1921, §§ 1771, 1775).**

Assessment for par value of stock held by stockholder in failed national bank, pursuant to Rev. St. U. S. §§ 5151, 5152, 5234 (Comp. St. §§ 9690, 9821), made during lifetime of stockholder, *held* barred by failure to present claim against executor within period prescribed by Hemingway's Code Supp. Miss. 1921, §§ 1771, 1775, since provision in Rev. St. U. S. § 5152, creating liability as to funds of deceased person in hands of legal representative, has no reference to time of presentation of claim.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by Charles M. Mann, as receiver of the State National Bank of Albuquerque, N. M., against Mrs. Helen B. Kleisdorff, as executrix of Mrs. Betty Benjamin, deceased. Judgment dismissing the suit, and plaintiff brings error. Affirmed.

William C. Martin, of Natchez, Miss., for plaintiff in error.

W. A. Geisenberger, of Natchez, Miss., John Brunini, of Vicksburg, Miss. (Brunini & Hirsch, of Vicksburg, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a suit in the federal District Court of Mississippi to recover an amount equal to the par value of stock held by a stockholder in a failed national bank, upon an assessment levied by the Comptroller of the Currency pursuant to sections 5151, 5152, and 5234 of the Revised Statutes (Comp. St. §§ 9690, 9821). The declaration of the plaintiff bank receiver alleged the making of the assessment against the stockholder during her lifetime, but it was not until a year after her death that suit was brought against her executrix, the defendant.

It is provided by statute in Mississippi that it shall be the duty of an executor or administrator to publish a notice requiring all claims against the estate represented by him to be probated and registered within six months, and that all claims not so probated and registered shall be barred. Hemingway's Code Supp. 1921, §§ 1771, 1775. The defendant executrix, relying upon these statutory provisions, filed a plea in bar of the suit, setting up the giving of the notice and plaintiff's failure to probate or register his claim within the time required, which had expired before suit was brought. The District Court sustained this plea as against a demurrer, and, plaintiff declining to join issue on it or to plead further, dismissed the suit.

On this writ of error plaintiff contends, first, that the nonclaim statute of Mississippi is inapplicable; and, secondly, that it is in conflict with a federal statute, R. S. § 5152, which provides that the estates and funds in the hands of executors or administrators "shall be liable in like manner and to the same extent" as the testator or intestate would be if living.

[1, 2] The liability sought to be enforced dates from the assessment made by the Comptroller of the Currency. Rankin v. Barton, 199 U. S. 228, 26 S. Ct. 29, 50 L. Ed. 163. Under R. S. § 721 (Comp. St. § 1538), there being no federal statute, the law of Mississippi is to be regarded as the rule of decision in this case, and the liability of a stockholder of a national bank, or his executor, is subject to the state statute of limitations. Campbell v. Haverhill, 155 U. S. 610, 15 S. Ct. 217, 39 L. Ed. 280; McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437. It has been held by the Supreme Court of Mississippi that the nonclaim statute in question is a statute of limitations. Miller v. Trustees of Jefferson College, 5 Smedes & M. (Miss.) 651; Cohea v. Commissioners, 7 Smedes & M. (Miss.) 437.

We are in accord with that view. To the end that estates may be promptly settled, it

is the common, if not the universal, policy of the several states to bar by legislation claims against the estates of the dead within a less period of time than is required for the assertion of claims against persons who are living. The provision in R. S. § 5152, to the effect that funds in the hands of the legal representative of a deceased person shall be liable in like manner and to the same extent as the deceased person interested would be, if living, does not have the effect of depriving a state of the power to make a difference in the time within which claims will be barred if not presented, on the one hand, to an executor, or, on the other, to the person interested if he be living. That section has no reference to the time of presentation of a claim, but only makes the funds in the hands of the legal representative as fully liable as the deceased would be if living. Doubtless the receiver would not be barred within the six months set up as a bar by the statute of Mississippi, if the assessment had not been made by the Comptroller until after the period covered by the bar of the statute had run. In that event, the receiver would have been entitled to pursue his remedy against the funds of the decedent into whosoever hands they might have come.

Zimmerman v. Carpenter (C. C.) 84 F. 747, and Springhorn v. Dirks, 72 Mont. 121, 231 P. 912, relied on by plaintiff, do not support a different conclusion. In the first of these cases no claim was asserted against the estate until after the period of limitation had run, whereas in this case the assessment antedated both the death of the stockholder and the appointment of her executrix, and was therefore an existing claim against the estate at the time notice, pursuant to the nonclaim statute, was given. In the other case it does not appear whether the assessment was made during the lifetime of the decedent, as was the fact in this case.

The judgment is affirmed.