## DRAIN v. STOUGH.
### No. 6860.

Circuit Court of Appeals, Ninth Circuit.
Nov. 7, 1932.

Lund & Dodds, of Spokane, Wash. (Charles P. Lund, of Spokane, Wash., of counsel), for appellant.

Upton & Brown, C. C. Upton, and George Elmer Brown, all of Spokane, Wash., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by the receiver of an insolvent national bank against the executor of the will of a deceased stockholder, Harry S. Landis, to recover the amount of an assessment levied by the comptroller of currency upon the stockholders of the bank. The facts were stipulated, and the trial court rendered a judgment of dismissal upon the ground that the claim sued upon had not been presented to the executor within six months after the first publication of notice to creditors by the executor and hence that it was barred by reason of the state law requiring claims against the decedent to be filed within six months after the first publication of such notice. The decedent stockholder died June 7, 1930. His will was admitted to probate, the executor duly qualified, and, on June 18, 1930, the notice to creditors was first published. The comptroller of currency on January 19, 1931, made and levied an assessment upon the stockholders of the

bank for the par value of "each and every share." This, it will be observed, was after the expiration of the six months' period. On February 21, 1931, the receiver notified the executor of said assessment and demanded payment thereof, and in August, 1931, filed a duly verified claim therefor. But one other date need be stated, namely, that on November 20, 1930, the comptroller appointed the appellant receiver and that he thereupon qualified as such. The appellee contends that the laws of the state of Washington with reference to the statute of limitations and the "non claim" statute as to estates, as interpreted by the state court, are conclusive on the question.

We are then to consider the question as to whether the fact that the national bank went into the hands of a receiver after the death of the stockholder created such a claim as must be presented to the executor under the Washington statute (section 1477, et seq., Remington's Compiled Statutes). It will be observed that the notice published by the executor is directed to "all persons having *claims against the deceased* to serve the same on the executor or administrator or his attorney of record * * * within six months after the date of the first publication of such notice," and that, "if a claim be not filed within the time aforesaid, it shall be barred. * * *" (Italics ours.) Is this a claim "against the deceased"? At the time of his death the bank was solvent, the stock passed to his executors upon his death and their qualification, with the ultimate ownership in the heirs. The liability of the estate to creditors is fixed by the statute specially applicable, section 5152, R. S. (12 USCA § 66), as follows: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

▆▆ That is to say, the estate is charged with an equitable lien for the assessments properly apportioned to the stock, and neither the decedent nor the owner of the stock, whether executor, administrator, legatee, or distributee, is personally liable for said assessment, as is the case with other transferees or owners, but the estate left by the decedent is liable. Zimmerman v. Carpenter (C. C.) 84 F. 747. The obligation to the bank's creditors, although arising out of an implied contract of the decedent stockholder, is a statutory obligation. McDonald v. Thompson, 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437; McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500. It is well settled that a statute, requiring the presentation of claims *against a decedent,* does not apply to claims against his estate arising in the course of administration, that is, to claims against the funds in the hands of the executor or administrator. It was so held under a similar statute of California requiring the presentation of claims to an executor. Miller & Lux v. Katz, 10 Cal. App. 576, 102 P. 946. There the corporate stock was owned by the deceased. After his death the corporate debt was created. It was held that the estate was liable for its proportion of the debt, fixed by statute upon a stockholder, and that the claim therefor need not be presented to the executor. See, also, Plummer v. Light, 139 Wash. 670, 247 P. 1022. The Supreme Court of the state of Montana, with laws similar to Washington and California with reference to the presentation of claims against a decedent, in the case of Springhorn v. Dirks, 72 Mont. 121, 231 P. 912, 915, held, under a state statute identical with section 5152, R. S. (12 USCA § 66, supra), it was not necessary to present a claim to the executor of the will of a deceased stockholder in a state bank as a basis for a recovery of the assessment made for the benefit of creditors of the bank, following Zimmerman v. Carpenter (C. C.) 84 F. 747, supra, and Rankin v. Miller (D. C.) 207 F. 602.

▆▆ We conclude that the law of the state of Washington did not require the presentation of a claim for either a contingent or accrued liability on stock in a national bank, where the insolvency of the bank occurred after the death of the stockholder. There is no decision of the state Supreme Court to the contrary. The Supreme Court of the state of Washington, in In re Macdonald's Estate (Macdonald v. Frater), 29 Wash. 422, 69 P. 1111, 1115, held that a claim by a federal receiver of an insolvent national bank need not be presented to the executor of the deceased stockholder's estate, if the claim "did not exist until after * * * the year specified in the notice to creditors." In that case the assessment was made April 16, 1896. Neither the exact date of publication of the notice to creditors, or of the expiration of the year is given in the report of the case, nor are the dates upon which the receiver took charge of the bank and upon which it became insolvent so stated. The date of the

assessment is the date upon which the liability of the stockholder to the receiver accrues and not until the assessment is made and then only does the statute of limitations begin to run. Scovill v. Thayer, 105 U. S. 143, 26 L. Ed. 968; Hawkins v. Glenn, 131 U. S. 319, 9 S. Ct. 739, 33 L. Ed. 184; McDonald v. Thompson, 184 U. S. 71, 76, 22 S. Ct. 297, 46 L. Ed. 437. Apparently the Supreme Court of Washington based its decision upon this point solely upon the fact that the assessment was made after the period for the presentation of claims had expired. That is the case here.

■ Appellee relies upon the decision of the Supreme Court of Washington in Barto v. Stewart, 21 Wash. 605, 59 P. 480, wherein that court construed the Washington statutes relating to the filing of claims against the estate of a decedent, now embodied in Remington's Compiled Statutes of 1922, §§ 1477, 1478, 1483, 1484, 1543, and 1549, and held that a failure to file a claim against the estate of a deceased stockholder of a state bank for the recovery of a stockholder's liability under a Washington statute (section 3242, Rem. Comp. Stat. Wash. 1922) within the time limited, barred the claim. This state statute is almost identical with the federal statute (Rev. Stat. §§ 5151, 5152 [12 USCA §§ 63, 66]), fixing the liability of stockholders in a national bank. This decision holds that, where a state bank has become insolvent and is in the hands of a receiver at the time of the death of the decedent, the claim against him as a stockholder for such portion of the deficiency of assets as is payable by him for the benefit of the creditors is a contingent claim against him which must be presented as a claim to the executor or administrator within the time fixed by law after the first publication of notice. In an attempt to reconcile these two decisions of the Supreme Court of Washington, the trial court concluded that the fact that the receiver herein was appointed on November 30, 1931, and before the period for the filing of claims had completely run, barred the claim if not presented within the time limited. Apparently the trial court was thus of the view that a contingent liability against the

decedent arose at the time of the appointment of the receiver, which contingent claim upon the authority of Barto v. Stewart, supra, must be presented to the executor within six months of the first notice to creditors. The question as to the effect of insolvency of the bank occurring after the death of the stockholder was not involved in Barto v. Stewart, for in that case the bank had been adjudicated an insolvent (June 7, 1893) a year and a half before the death of the stockholder (January, 1895), and it was no doubt apparent at the time of the stockholder's death that the assets of the bank were insufficient to pay the creditors of the bank. The state statute imposing liability upon the stockholders in a state bank provides that the stockholders are "individually and personally liable, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation accruing while they remain stockholders, to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares" (section 3242, Rem. Comp. Stat. 1922), and we need not discuss the question as to when that liability accrues, it being sufficient for our present purposes to point out that, under the state law, the liability was apparently a direct one, from the stockholder to the creditors whose claims accrued while they were stockholders, while under the National Bank Act the liability of the shareholder is fixed sixty days before "the date of the failure of such association to meet its obligations," even the stockholders who have transferred their stock with knowledge of the impending failure are also liable as guarantors of the claims against their transferees (38 Stat. 273 [12 USCA § 64]). The creditors' rights become fixed upon the failure of the national bank. Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822. The decision of the Supreme Court of the state of Washington in Barto v. Stewart, supra, does not conflict with our view as above stated.

The judgment of dismissal is reversed, and the District Court is directed to grant the motion for a judgment upon the pleadings.