## UNITED STATES v. YOUNG.
### No. 7424.

Circuit Court of Appeals, Ninth Circuit.
Nov: 13, 1934.

J. A. Carver, U. S. Atty., E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., and R. L. Slaughter, Atty., Department of Justice, all of Boise, Idaho, and Wilbur C. Pickett, Sp. Asst. to Atty. Gen.

Hawley & Worthwine, of Boise, Idaho, for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The appellee recovered judgment upon a war risk insurance policy on the ground that he was totally and permanently disabled before the 28th day of April, 1919, prior to the time the policy lapsed.

At the time of his application for conversion of his war risk insurance policy on January 29, 1927, in answer to the question, "Are you now permanently and totally disabled?" he answered, "No." Dr. Rigby, a physician and surgeon, called as a witness by the plaintiff, was asked by hypothetical question, which contained an assumption of facts, to state whether in his opinion the veteran was totally and permanently disabled. This hypothetical question covers twenty pages of the transcript. It contains a great many details concerning the service of the veteran in France. Among other statements contained in the hypothetical question is this: "In this statement [referring to a request for reinstatement of policy of insurance made June 19, 1921] he stated at the time, to the best of his knowledge and belief he was in good health," and that in his application for conversion of his policy of insurance on July 29, 1927, "He stated he had filed a claim for compensation and in answer to the question are you now disabled on account of injury or disease he answered temporary partial and when asked if he was not permanently and totally disabled, he answered 'no.'" The question was objected to upon several grounds including the ground that "it invades the province of the jury." The question contained a definition of total and permanent disability. The objection was overruled, and the question was answered. This ruling of the court is not assigned as error. We refer to it merely because of its bearing upon the assignment of error with relation to similar testimony given by Dr. Charles R. Lowe, who was subsequently called as a witness by the plaintiff. We quote from the direct examination of this witness as follows:

"Q. You have heard the testimony and you have heard the history here of this man Spencer Young? A. Yes, sir.

"Q. And you have in mind that history and you also heard the evidence in this case? A. Yes.

"Q. And you have in mind the facts narrated in this history? A. Yes.

"Q. And the definition for permanent and total disability is as follows: Total disability is any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation and total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it. Considering the history I read this morning and the definition I have given you, I will ask you to state whether or not you have an opinion as to whether within that definition Mr. Young was totally and permanently disabled at the time he arrived at his home which he testified was May 3, 1919? A. Yes.

"Mr. Slaughter: I object to the witness answering that question because the hypothetical question, included in this question, was not based on a substantial statement of the facts and contained matter prejudicial and stricken from the record and it invades the province of the jury.

"The Court: I will state to you, gentlemen of the jury, that any matter the court has stricken from the record during this trial you are not to consider in considering the answer to this hypothetical question. I will overrule the objection.

"Mr. Slaughter: Exception, please.

"Q. You say you have an opinion? A. Yes, sir.

"Q. What is it? A. That he was totally and permanently disabled at the time he reached home.

"Q. What in your opinion was the disease or diseases that made him permanently and totally disabled? A. Shell shock and neurasthenia.

"Q. Is that a subdivision of psychoneurosis? A. It is.

"Q. Do you have an opinion as to when Mr. Young became totally and permanently disabled? A. Yes, sir.

"Q. When was it? A. I would place the date at the time he came home.

"Q. In your opinion will he ever recover from this condition of total and permanent disability? A. I don't think he will."

The objection of the government that the opinion called for by the hypothetical question invades the province of the jury is well taken, as we have held in the case of United States v. Stephens, 73 F.(2d) 695, filed herewith. The appellee claims that the objection was too late because it came after the question had been answered. It is apparent that the objection was not to the witness stating whether or not he had an opinion, which is a mere preliminary matter, but to stating what that opinion was; in other words, the objection was to the witness giving his opinion as to whether or not the veteran was totally and permanently disabled. The court had previously ruled upon that matter in considering the admissibility of the testimony of Dr. Rigby, and there could be no misunderstanding by the court or counsel as to the purpose of the objection offered by the government.

The ruling of the trial court was erroneous (United States v. Stephens, supra), and for this error the judgment must be reversed.

Judgment reversed.