## JOHNSON v. GREENE.
### No. 7485.

District Court, S. D. California, Central Division.
May 29, 1936.

W. L. Chapman, of Shawnee, Okl., and W. I. Gilbert, of Los Angeles, Cal., for plaintiff.

C. E. Spencer, of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

Tecumseh National Bank of Tecumseh, county of Pottawatomie, in the Western judicial district, Okl., a national banking corporation (to be referred to hereinafter as "the bank"), was declared insolvent and placed in the custody of the Comptroller of the Currency of the United States for liquidation on November 14, 1932. George C. Embry was appointed the receiver. He was later succeeded by the plaintiff. On the date of the insolvency, and long prior to it, the defendant, now a resident of California and of this judicial district, was the owner and holder of 53 shares of the capital stock of the bank. On January 10, 1933, the Acting Comptroller of the Currency of the United States made an assessment and requisition in the sum of $25,000 upon the shareholders of the bank, for the purpose of paying its debts. The assessment was made payable on or before February 17, 1933. And the receiver was authorized to take all the necessary proceedings to enforce the individual liability of the shareholders. Timely demand was made upon all the shareholders, including the defendant. The defendant's share of the assessment was $5,300. Of this amount he has paid $3,435, leaving an unpaid balance of $1,865. The amended complaint, after reciting the facts just outlined, seeks recovery of this amount with accrued interest to December 22, 1935, in the sum of $599.57, and interest upon the principal sum from December 22, 1935, until paid. The defendant has demurred to the amended complaint.

The demurrer challenges the sufficiency of the complaint in several respects. We need consider one only, namely, that it appears upon its face that the action is barred by the provisions of subdivision 1 of section 338 and by section 359 of the Code of Civil Procedure of the state of California. These sections establish a three-year limitation for actions upon "a liability created by statute." The liability which the complaint seeks to enforce is created by sections 63 and 192, title 12 U. S.C.A. So far as material, these sections are:

"§ 63. *Individual Liability of Shareholders.* The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares; * * * and * * * the Comptroller of the Currency may compel the association to close its business and wind up its affairs under the provisions of this chapter relating to dissolution and receivership." (R.S. § 5151).

"§ 192. *Default in Payment of Circulating Notes.* On becoming satisfied, as specified in sections 131 and 132, that any association has refused to pay its circulating notes as therein mentioned, and is in default, the Comptroller of the Currency may forthwith appoint a receiver, and require of him such bond and security as he deems proper. Such receiver * * * may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders. (R.S. § 5234; May 15, 1916, c. 121, 39 Stat. 121.)"

As already stated, the assessment was made on January 10, 1933. The original complaint was filed on February 10, 1936.

In the light of these facts, the solution of the problem raised by the demurrer depends upon the question: When did the liability accrue?

Whatever doubt there may have been upon the subject in the past, it is now definitely settled by the latest decisions of the Supreme Court and of our own circuit that a national bank shareholder's liability for an assessment under the statute referred to, and consequently the right of action in

case the assessment is not paid, accrues *upon the date the assessment is made.* See McDonald v. Thompson (1902) 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437; McClaine v. Rankin (1905) 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Rankin v. Barton (1905) 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163; Forrest v. Jack (1935) 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457; Murray v. Sill (C.C.A.9, 1925) 7 F.(2d) 589, 590; Drain v. Stough (C.C. A.9, 1932) 61 F.(2d) 668, 87 A.L.R. 490. In Forrest v. Jack, supra, 294 U.S. 158, at page 162, 55 S.Ct. 370, 372, 79 L.Ed. 829, 96 A.L.R. 1457, the Supreme Court said: *"No cause of action arises until the assessment is made by the Comptroller* and, so far as concerns the need and amount, his findings are conclusive." *(Italics added.)*

And this is the language of our own circuit in Drain v. Stough, supra, 61 F. (2d) 668, at page 669, 87 A.L.R. 490: *"The date of the assessment is the date upon which the liability of the stockholder to the receiver accrues and not until the assessment is made and then only does the statute of limitations begin to run."* *(Italics added.)*

The receiver relies upon Deweese v. Smith (C.C.A.8, 1901) 106 F. 438, 66 L.R. A. 971, as supporting his claim that the right of action did not accrue until the day the assessment was made payable. But that decision precedes the cases we have just cited, and, in so far as it holds that the liability created by the statute is contractual, it is in conflict with them and cannot be followed.

There being no limitation contained in the federal statute establishing the liability, the statute of the state where the action is brought governs. See McClaine v. Rankin, supra; Mann v. Kleisdorff (C. C.A.5, 1927) 16 F.(2d) 997. The liability is legal in nature and recovery must be had at law. See American Trust Co. v. Grut (C.C.A.9, 1935) 80 F.(2d) 155. And it is clearly one created by statute. Thus McClane v. Rankin, 197 U.S. 154, at page 162, 25 S.Ct. 410, 413, 49 L.Ed. 702, 3 Ann. Cas. 500: "But here the right to sue did not obtain until the Comptroller of the Currency had acted, and his order was the basis of the suit. *The statute of limitations did not commence to run until assessment made, and then it ran as against an action to enforce the statutory liability, and not an action for breach of contract."* (Italics added.).

The liability which the complaint seeks to enforce thus being one created by statute, the three-year limitation of the California law applies. While the federal cases are clear on the subject, we add that the decisions of the Supreme Court of California accord with these views. See Royal Trust Co. v. McBean (1914) 168 Cal. 642, 144 P. 139; Coombes v. Getz (1933) 217 Cal. 320, 327, 330, 18 P.(2d) 939. These decisions are in harmony with the general principle that it is the date of an act or fact which (except in cases of fraud) fixes the time for the running of the statute of limitations. And the act or fact must be such as to give rise immediately to a right of action, for, until a person has a right which he can, and it is his duty to, enforce, no right of action can accrue. See California Code of Civil Procedure, § 312; Collins v. Driscoll (1886) 69 Cal. 550, 11 P. 244; Lambert v. McKenzie (1901) 135 Cal. 100, 67 P. 6; Pryor v. Winter (1905) 147 Cal. 554, 558, 82 P. 202, 109 Am.St.Rep. 162; Yankwich, California Pleading and Procedure (1926) § 140. The assessment by the Comptroller gives rise to the right which it is sought to enforce in this action. It is the act which fixes the starting point of the liability. Adams v. Johnson (1883) 107 U.S. 251, 2 S.Ct. 246, 27 L.Ed. 386. The liability and the right of action to enforce it accrued, therefore, on the date of the assessment, January 10, 1933. The limitation period, therefore, expired on January 10, 1936. The action having been begun on February 10, 1936, it is clearly barred. The demurrer to the amended complaint will therefore be sustained, without leave. Exception to the plaintiff.