## JOHNSON v. GREENE.

### No. 8341.

Circuit Court of Appeals, Ninth Circuit.

March 1, 1937.

W. I. Gilbert, of Los Angeles, Cal., for appellant.

C. E. Spencer, of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

The appellant brought this action to recover an assessment levied by the Comptroller of the United States on January 10, 1933, upon the stockholders of the Tecumseh National Bank of Tecumseh, Okl., payable February 17, 1933. This action was begun February 10, 1936, in the District Court of the United States for the Southern District of California, more than three years after the date of the assessment, and less than three years after the date when the assessment was payable. It is conceded that the statute of limitations of California controls [McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500; Mann v. Kleisdorff (C.C.A.) 16 F.(2d) 997]; that the liability is created by statute within the meaning of section 359 of the Code of Civil Procedure; and that

---

[1] This court has likewise held that where there was an objection to the evidence, but no assignment, the admission was reversible error. U. S. v. Young (C. C.A. 9) 73 F.(2d) 690; U. S. v. Harris (C.C.A. 9) 79 F.(2d) 341.

684

that section of the Code is the applicable statute of limitations.[1]

This statute provides that an action on a statutory liability must "be brought within three years after * * * the liability was created," and has been frequently construed by the California courts. It has been uniformly held that under this statute the period of limitation begins to run as soon as the liability is created regardless of whether or not a right of action accrues at that time or later. Applying this theory, it has been held that an action on a stockholder's statutory liability under section 322 of the California Civil Code is barred in three years, even if a right of action on the corporate liability has not yet accrued. Hunt v. Ward, 99 Cal. 612, 34 P. 335, 37 Am.St.Rep. 87; Coulter Dry Goods Co. v. Wentworth, 171 Cal. 500, 153 P. 939; Gardiner v. Royer, 167 Cal. 238, 139 P. 75; Royal Trust Co. v. MacBean, 168 Cal. 642, 144 P. 139; Fry v. Baltimore Hotel, 80 Cal.App. 415, 422, 252 P. 752. It is clear that the time of the payment of the statutory obligation is a false quantity in the interpretation of the California statute. Section 359, Cal.Code Civ.Proc., supra. It is difficult to discern any theory that would justify the conclusion that the liability under the federal statute (Rev.Stats. §§ 5151, 5234; 12 U.S.C.A. §§ 63, 192) was not created at least as early as the order of the Comptroller fixing the amount payable by the stockholders. It is said that the contingent obligation of the stockholder to pay an assessment is made absolute by the Comptroller's action ordering one. Pupahl v. Parks' Estate, 299 U.S. 217, 222, 57 S.Ct. 151, 81 L.Ed. ——, Dec. 7, 1936; Rankin v. Barton, 199 U.S. 228, 26 S.Ct. 29, 50 L.Ed. 163; see, also, Drain v. Stough (C.C.A.9) 61 F.(2d) 668, 87 A.L.R. 490.

In considering the federal cases, it should be remembered that in dealing with the statute of limitations there can be no uniformity of decision nor any federal rule, as in each case the applicable statute is that of the state in which the action is brought. To justly appraise the effect of the decisions of the federal courts, including those of the Supreme Court, the state statutes under consideration must be noted and compared with those of the state to be applied in the given case. It is unnecessary to do more than this to discover that the cases relied upon by the appellant all relate to statutes of limitations quite different from that of California. Most of them date the limitation period from the accrual of the cause of action, as in McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L. Ed. 437.

The action of the trial court in sustaining the demurrer pleading the bar of the statute of limitations (section 359, Code Civ.Proc.) was correct. The judgment of dismissal followed.

Judgment affirmed.

---

[1] The obligation, although created by statute, is for some purposes deemed contractual. Kaysser v. McNaughton (Cal. Sup.) 57 P.(2d) 927; Rainey, Supt., v. Michel (Cal.Sup.) 57 P.(2d) 932, 105 A. L.R. 148; Erickson, Trustee, v. Richardson, Supt. (C.C.A.9) 86 F.(2d) 963.
*Appellant's petition for rehearing denied May 3, 1937.