**TOBIN v. HYMERS.**

No. 2620.

District Court, D. Nevada.
July 9, 1937.

796

N. J. Barry, of Reno, Nev., for complainant.

Sidney W. Robinson, of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is an action at law to recover judgment against defendant by reason of being sole devisee of Nellie M. Hymers, deceased, and distributee of her estate, on account of alleged stockholders' liability in the Reno National Bank.

The case was submitted upon an agreed statement of facts. The salient facts are the following:

The said decedent, Nellie M. Hymers, at the time of her death, November 1, 1932, was the owner of 35 shares of the capital stock of the Reno National Bank of the par value of $100 per share. On November 22, 1932, the will of said decedent was admitted to probate by the Second Judicial District Court of the state of Nevada and defendant, Hymers, was appointed executor thereof and duly qualified. On November 28, 1932, said executor caused notice to creditors of said estate to be duly published and posted as required by the state law, requiring all persons having claims against said estate to file the same with the clerk of the court within three months from the date of the first publication of said notice. Thereafter defendant as such executor filed an inventory and appraisement in said court, which inventory listed said shares of stock. On May 9, 1933, an order of distribution of the assets of said estate was made and entered and said estate including said 35 shares of stock was thereby distributed to defendant. Defendant has never made demand for the transfer of said stock and the same appears upon the books of said bank in the name of said decedent. On December 9, 1932, the Comptroller of the Currency declared the Reno National Bank to be insolvent and appointed complainant as receiver, who duly qualified, and since on or about December 12, 1932, has been such qualified and acting receiver. On January 6, 1933, the Comptroller of the Currency levied an assessment upon the stockholders of said bank for the par value of their stock to be paid on or before February 14, 1933, and notice of such assessment was duly published and the receiver directed to take all necessary proceedings to enforce such liability. That said assessment became a fixed liability within the three-month period for filing claims against said estate and that complainant had from January 6, 1933, until February 28, 1933, within which to file a claim for said stockholders' liability, but no such claim was ever filed. Demand was made by plaintiff upon defendant that he pay the full amount of said assessment liability as owner of said stock, but no payment on account thereof has ever been made. The value of said estate distributed to defendant, other than said bank stock, was in excess of the amount of said assessment.

The sections of the state statute dealing with notice to creditors and the filing of claims against estates of deceased persons read:

"Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper published in the county, * * * and post copies thereof in three public places of the county, a notice of his appointment as such executor or administrator. Such notice * * * shall direct that all per-

sons having claims against the estate are required to file the same, * * * with the clerk of the court within three months from the date of the first publication of the notice. Such notice shall be published for at least once a week for four weeks." Comp.Laws Nev. § 9706.

"All persons having claims against the deceased must, within three months after the first publication of the notice specified in the preceding section, file the same with the necessary vouchers with the clerk of the court, who shall file and register each claim. If a claim be not filed with the clerk within three months after the first publication of said notice, it shall be forever barred; provided, that when it shall be made to appear * * * that he had no notice as provided in this act, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account." Comp.Laws Nev. § 9707.

"No holder of any claim against an estate shall maintain any action thereon unless it shall have been first filed, and under the conditions hereinbefore specified." Comp.Laws Nev. § 9713.

The federal statute relating to national banking associations contains the following provision:

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." 12 U.S.C.A. § 66.

Complaint in this case was filed October 5, 1934, approximately one and one-half years after the order of distribution was made in said state court probate proceeding. An amended complaint was filed May 23, 1935. The case was tried and submitted upon the issues presented by the amended complaint and answer filed thereto.

Plaintiff submitted his claimed right of recovery mainly if not entirely upon the decision of the Circuit Court of Appeals of this Ninth Circuit in Drain v. Stough, 61 F.(2d) 668, 669, 87 A.L.R. 490, while defendant relied upon the decision of the Circuit Court of Appeals of the Fifth Circuit in Mann v. Kleisdorff, 16 F.(2d) 997.

The two cases cited and so relied upon, respectively, are not entirely in harmony. Ordinarily, this court would be governed by the decision in the Drain Case in so far as the same is applicable to the facts here involved. Since this case was submitted, however, the Supreme Court handed down its decision in Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 154, 81 L.Ed. 133. The decision states, "Certiorari was granted to resolve a conflict respecting the construction of relevant federal statutes."

From the opinion in the Pufahl Case we quote the following excerpts which are deemed applicable to the facts of the case at bar:

"The statute evidences no intent to prefer the assessment over other claims against the estate, or to exempt the receiver from the pursuit of the remedy prescribed by the local law for collection of claims of the same sort. * * *

"Section 66 [12 U.S.C.A.] makes a deceased stockholder's estate liable in like manner, and to the same extent, as he would have been if living. As no lien is created against the property of a living stockholder by section 64 section 66 imposes none against his estate.

"The statute creates an unsecured and unpreferred claim against a decedent's estate. Where the assessment has been made in the decedent's lifetime an accrued and provable debt exists against his estate; if made after his death a claim against the funds and assets of the estate accrues as of the date of assessment. * * *

"Where, as here, a res has come into the possession and under the control of a state court, one having a right to go into the federal court, either by reason of diversity of citizenship, or because he is a federal officer, cannot obtain a judgment or decree entitling him to interfere with the administration of the res by the court having its possession. While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. The marshaling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court. Thus, though a receiver should resort to the United States

District Court he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter. * * *

"A creditor cannot subject inventoried assets, undistributed and held by the administrator, to the payment of his claim by instituting, after the expiration of the year, and prosecuting to judgment, an action of debt against the administrator. Nor can one who has failed to present his claim to the probate court, or to institute suit or action on it within the year, resort to a court of equity to have his demands paid out of . undistributed inventoried assets. * * *

"The petitioner also cites Zimmerman v. Carpenter (C.C.) 84 F. 747, as authority in his favor. In that case a circuit court of the United States entered a decree charging the assets in the hands of an executor with the amount of an assessment levied after the decedent's death. It is not clear from the opinion whether the court thought that section 66 creates a lien on estate assets from the date of the bank's failure or construed the section as creating a claim sui generis enforceable directly against assets in the possession of the executrix and under the control of a state court of competent jurisdiction. As we have shown above, either theory is wrong.

"In the absence of federal ·legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a non-discriminatory statute of the domicile."

■ In Drain v. Stough, supra, the court in construing section 66; supra, said: "the estate is charged with an equitable lien for the assessments properly apportioned to the stock, * * * the estate left by the decedent is liable. Zimmerman v. Carpenter (C.C.) 84 F. 747." In a marginal note to the decision in the Pufahl Case there appears a reference to the Drain and one other case to the effect that they contain "statements that the statute imposes a lien on estate assets." It is clear, therefore, that such construction is not to be regarded as the correct interpretation of the section of the statute in question.

In the decision in the Drain Case appears, also, the following:

"It is well settled that a statute, requiring the presentation of claims against a decedent, does not apply to claims against his estate arising in the course of administration, that is, to claims against the funds in the hands of the executor or administrator."

■ The opinion then cites cases construing probate statutes of the states of Washington, California, and Montana. One of the sections of the Nevada statute (section 9706) quoted supra requiring publication of notice of the appointment of the executor or administrator, provides that the notice "shall direct that all persons having claims against the estate are required to file the same * * * within three months." The following section (section 9707) provides that: "all persons having claims against the deceased must, within three months, * * * file the same * * * with the clerk of the court," and if not so filed "it shall be forever barred." The other section later following quoted supra (section 9713) provides that action may not be brought upon "any claim against an estate * * * unless it shall have been first filed." We think it clear from a reading of these provisions of the Nevada statutes that whether a claim be against the estate or against the deceased the state law requires that it not only be filed but also "under the conditions hereinbefore specified." As said in the Pufahl decision:

"Although the petitioner's demand is based upon a federal statute, he may enforce it only in conformity to the law of the forum governing the recovery of debts of like nature." (at page 225 of 299 U.S., 57 S.Ct. 151, 156, 81 L.Ed. 133).

■ The law and procedure in cases of this character having been finally determined by the Supreme Court in the Pufahl Case and the fact appearing that no claim was ever filed in the probate proceedings in the estate of the stockholder in administration at the time of the assessment, plaintiff is not entitled to recover.

Judgment for defendant.