## TOBIN v. HYMERS.

### No. 8774.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1938.

---

N. J. Barry, of Reno, Nev., for appellant.

Sidney W. Robinson, of Reno, Nev., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

This action was brought by the receiver of the Reno National Bank of Reno, Nevada, against appellee, by reason of being the sole devisee of Nellie M. Hymers, deceased, and distributee of her estate, to recover an amount equal to the par value of the stock held by decedent in said bank at the time of her death.

The facts, as stipulated to by the parties and found by the Court, are as follows:

Nellie M. Hymers died on November 1, 1932, and at the time of her death was the owner of 35 shares of the capital stock of the Reno National Bank, which stock was of the par value of $100.00 per share. On November 22, 1932, her will was admitted to probate by the Second Judicial District Court of the State of Nevada and appellee was appointed executor thereof. After his appointment appellee, on November 28, 1932, caused notice to creditors to be duly and regularly given by publication and posting as required by law, notifying all persons having claims against the estate to file the same with the proper vouchers and statutory affidavit attached with the clerk of the court within three months from the date of the first publication of the notice.

On December 9, 1932, the Reno National Bank was declared insolvent by the Comptroller of the Currency of the United States, and on December 12, 1932, W. J. Tobin, appellant herein, was appointed receiver thereof. On January 6, 1933, an assessment was levied upon the stockholders of the bank for the par value of their stock payable by them on or before February 14, 1933, and such demand was published in the newspapers in the City of Reno.

On May 9th, 1933, an Order of Distribution was made and entered in the matter of the Estate of said Nellie M. Hymers, Deceased, and the thirty-five (35) shares of the Capital Stock of the Reno National Bank herein referred to, together with the entire assets of said estate appraised at Fifty-three Thousand Five Hundred Fifty-nine Dollars and Twenty-two Cents ($53,-559.22), were distributed to appellee. Appellee never made demand for the transfer of said stock to him and the same still stands on the books of the Reno National Bank in the name of Nellie M. Hymers and remains untransferred.

Demand was made upon appellee individually to pay the amount of said stockholder's assessment. Said assessment has never been paid. Appellee now has in his possession property in excess of the value of Three Thousand Five Hundred Dollars ($3,500), the amount of said stockholder's assessment, which property was received by him as devisee under the Will of Nellie M. Hymers, Deceased, and which property formed a part of the assets of the Estate of said decedent.

The stockholder's assessment herein referred to became a fixed liability within the three months period provided for the filing of claims under the statutes of the State of Nevada relating to probate practice, and appellant had from the 6th day of January, 1933, until the 28th day of February, 1933, within which to file a claim in the probate Court against the Estate of said Nellie M. Hymers for the amount of said stockholder's assessment; no claim whatsoever was filed by appellant or any other person in said estate proceedings for the amount of said stockholder's assessment.

The District Court ruled that there was no personal liability upon the heir or devisee of this decedent stockholder to pay the assessment as no lien therefor was imposed upon the estate of deceased; that the demand was a claim against the said estate and appellant having failed to file a claim for the same in the State Court where the assets of the Estate of Nellie M. Hymers were being administered as required by law, appellant's cause of action was barred by the estate statutes of nonclaim of the State of Nevada, and entered a judgment dismissing appellant's complaint. From this judgment the present appeal is taken.

The question presented is, was it necessary for the appellant to file his claim with the executor of the Estate of Nellie M. Hymers, deceased?

Appellant takes the position, "That under the law of the State of Nevada, it is only claims against the Deceased which must be presented, and that in this case, Appellant never had a claim against the Deceased because the Decedent was dead before The Reno National Bank went into insolvency, and before he was appointed Receiver of The Reno National Bank, and before the levy of assessments."

On the other hand, appellee proposes two propositions to support the holding of the lower court: "(1) Appellee, as distributee of the Estate of Nellie M. Hymers, Deceased, is not liable for the stockholder's assessment in question, by reason of the fact that no lien exists as against the assets of the estate of a decedent for the amount of a stockholder's assessment, and by reason of the fact that the law of the State of Nevada provides no liability against distributees for the debts of an estate; and (2) The maintenance of this action is barred by reason of the fact that Appellant failed to file a claim for the stockholder's assessment in question in the estate proceeding, notwithstanding the fact that said stockholder's assessment was levied and became a fixed liability during the course of the administration of said Estate of Nellie M. Hymers, Deceased, at a time prior to the expiration of the period provided by statute for the filing of claims against said estate."

In the case of Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133, the Supreme Court held that a person holding stock in a national banking association as executor shall not be personally subject to any liability as stockholder. That the receiver of the bank, in the collection of assessments, has no preference over other claims against the estate and is not exempt from pursuing the remedy provided by the local law for the collection of like claims.

Thus this litigation must be governed by the common and statutory law of the State of Nevada. The pertinent statutes of that state are printed in the margin.[1]

1 Section 9706 of Nevada Compiled Laws of 1929. "Every executor or administrator shall, immediately after his appointment, cause to be published in some newspaper published in the county, if there be one, if not, then in such newspaper as may be designated by the court or judge, and post copies thereof in three public places of the county, a notice of his appointment as such executor or administrator. Such notice shall be properly entitled of the court and cause, specifying the date of appointment, the name of deceased, and shall be dated and officially signed by the executor or administrator, and shall direct that all persons having claims against the estate are required to file the same, with the proper vouchers and statutory affidavits attached, with the clerk of the court within three months from the date of the first publication of the notice. Such notice shall be published for at least once a week for four weeks. After the notice shall have been given as above required, a copy thereof, with the affidavit of publication and posting, shall be filed. * * *"

Section 9707 of Nevada Compiled Laws of 1929. "All persons having claims against the deceased must, within three months after the first publication of the notice specified in the preceding section, file the same with the necessary vouchers with the clerk of the court, who shall file and register each claim. If a claim be not filed with the clerk within three months after the first publication of said notice, it shall be forever barred; provided, that when it shall be made to appear by the affidavit of the claimant, or by other proof that he had no notice as provided in this act, to the satisfaction of the court or judge, it may be filed at any time before the filing of the final account."

Section 9713 of Nevada Compiled Laws of 1929. "No holder of any claim against an estate shall maintain any action thereon unless it shall have been first filed, and under the conditions hereinbefore specified."

Section 9871 of Nevada Compiled Laws of 1929. "The notice in this act required to be given by every executor or administrator upon his qualifying shall be in substantially the following form: 'Notice to Creditors: Notice is hereby given that the undersigned has been duly appointed and qualified by the (giving the title of the court), as (executor or administrator, as the case may be) of the estate of ......, late of said county, deceased. All creditors having claims against said estate are required to file the same, with proper vouchers attached, with the clerk of the court, within three months of the first publication of this notice. Dated ......'"

The appellant relies upon a decision of this Court, Drain v. Stough, 9 Cir., 61 F. 2d 668, 87 A.L.R. 490, which controversy arose in the State of Washington. In that case the stockholder died June 7, 1930. His will was admitted to probate, the executor duly qualified, and, on June 18, 1930, the notice to creditors was first published. The comptroller of the currency, on January 19, 1931, made and levied an assessment upon the stockholders of the bank. This, it must be noted, was after the expiration of the 6 month's period allowed by the Washington Statute for the presentation of claims. The Drain Case was decided upon the construction of the Washington Statute [section 1477, Remington's Compiled Statutes], which required "all persons having *claims against the deceased* to serve the same on the executor or administrator or his attorney of record, and file with the clerk of the court * * *." [Emphasis supplied.] Comparison will show that the Nevada Statutes are not the same as those of the State of Washington.

The decision in the Drain Case points out that the Supreme Court of the State of Washington, In re Macdonald's Estate, Macdonald v. Frater, 29 Wash. 422, 69 P. 1111, 1115, held that a claim by a federal receiver of an insolvent national bank need not be presented to the executor of the deceased stockholder's estate if the claim "did not exist until after * * * the year specified in the notice to creditors." 61 F.2d 669. The opinion in the Drain Case then continues, "Apparently the Supreme Court of Washington based its decision upon this point solely upon the fact that the assessment was made after the period for the presentation of claims had expired. That is the case here."

In the case at bar the insolvency of the bank, the appointment of the receiver, and the levying of the assessment were all within the period for the filing of claims against the estate. Furthermore, the wording of the Nevada Statutes is different in that not only are persons having claims against the *deceased* required to file their claims but also, "all persons having claims against the *estate* are required to file the same." [Emphasis supplied.]

Appellant insists that Section 9707 of the Nevada Compiled Laws of 1929 alone can be applied to the situation here and that it is only claims against the deceased, as distinguished from claims against the estate, which must be filed in order to avoid the bar of the statute. The different sections referring to claims in probate must be read together. Section 9707, herein invoked by appellant, refers specifically to the "publication of the notice specified in the preceding section," which Section 9706, refers to the publication of the notice, and that it shall specify and direct "that all persons having claims against the *estate* are required to file the same, * * * with the clerk of the court within three months from the date of the first publication of the notice." [Emphasis supplied.]

Furthermore, Section 9871 sets out the substantial form in which this notice to creditors shall be published, which concludes as follows: "All creditors having claims against said *estate* are required to file the same, with proper vouchers attached, with the clerk of the court, within three months of the first publication of this notice.", and finally Section 9713 provides that: "No holder of any claim against an *estate* shall maintain any action thereon unless it shall have been first filed and under the conditions hereinbefore specified." [Emphasis supplied.]

In the Drain Case the receiver of the bank had no opportunity to file a claim for the assessment before the expiration of the time limited by the notice to creditors. In the case at bar the claim became absolute before the time required by the notice and by the statute for the presentation of claims had expired, and being governed by the laws of the State of Nevada which provide that no holder of any claim against an estate shall maintain any action thereon unless it shall have been first filed, the bar of the statute was properly invoked.

The assessment created no lien against the estate. It was merely an unsecured and unpreferred claim against the decedent's estate, which was required to be filed; the laws of the State of Nevada provide no liability against distributees for debts of an estate.

The decision of the District Court is supported by Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; Mann v. Kleisdorff, 5 Cir., 16 F.2d 997.

Affirmed.